UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN A. HIRSCH and RONALD W. ZOLLA, Individually and as officers, directors, and shareholders of ZHL, Inc.,

Plaintiffs,

v.

MICHAEL LAMENSDORF and KATHY LAMENSDORF, Individually and as shareholders of ZHL, Inc.,

Defendants.

**05 10902 DPW**

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 5/3/2005

MAGISTRATE JUDGE _____

## NOTICE OF REMOVAL

COME NOW, Defendants, DR. MICHAEL LAMENSDORF and KATHY LAMENSDORF, by and through their undersigned counsel, and pursuant to 28 U.S.C. §§1441 and 1446, file and serve this Notice of Removal of this civil action from the Superior Court for the Commonwealth of Massachusetts, Essex County, to the United States District Court for the District of Massachusetts, and in support of the removal, the Defendants would state as follows:

### PRELIMINARY FACTS

1.   This is a civil action seeking declaratory relief. Plaintiffs bring this action allegedly as majority shareholders of ZHL, Inc., a Massachusetts corporation. Plaintiffs assert in their Complaint that this matter concerns a proposed transaction in which ZHL intends to sell substantially all of its assets for a profit to an unrelated third party. Plaintiffs claim that Defendants' failure to agree to the proposed transaction has created a controversy about the respected rights and obligations of the parties. Interestingly, Plaintiffs filed the action despite the fact that Plaintiffs failed to provide any information regarding the proposed sale to the minority shareholder Defendants, the Lamensdorfs. At the same time, the Lamensdorfs filed an action in

761030v.1

the Circuit Court for the State of Florida, Sarasota Couty, and seek equitable and injunctive relief prohibiting any sale of the subject property due to improper self dealings exhibited by the Plaintiffs. The Circuit Court for Sarasota County, Florida is the proper forum for the action since the Circuit Court has in rem jurisdiction and may issue an Order affecting title to the property. Nevertheless, the Complaint filed by the Plaintiffs and which the Defendants seek to remove to federal court is proper for removal as the District Court for the District of Massachusetts has original jurisdiction since the matter is between citizens of different states and the amount in controversy exceeds the jurisdictional requirement of $75,000 since the subject property is valued in excess of said amount.

2. Plaintiffs filed a civil action in the Superior Court for the Commonwealth of Massachusetts, Essex County, Case No. 2318 – B, in which DR. MICHAEL LAMENSDORF and KATHY LAMENSDORF, are named as Defendants.

3. The Complaint is the first occasion when federal jurisdiction was alleged in the state court action in the Commonwealth of Massachusetts. Defendants were served and received the Complaint on April 11, 2005.

## FEDERAL JURISDICTION

4. At all times material hereto Defendant, DR. MICHAEL LAMENSDORF, was and is a resident of Sarasota County, State of Florida.

5. At all times material hereto Defendant, KATHY LAMENSDORF, was and is a resident of Sarasota County, State of Florida.

6. This Honorable Court has jurisdiction of this cause pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441(b), since this is a civil action between citizens of different states and the amount in controversy is in excess of the jurisdictional requirement of $75,000.

761030v.1

## TIMELINESS OF REMOVAL

7. This Notice of Removal is timely, as the Complaint was served and received on April 11, 2003, and is the first pleading which raises any ground for original federal jurisdiction. A copy of the Complaint filed in the state court proceedings, together with copies of the summonses served on Dr. Michael Lamensdorf and Kathy Lamensdorf, is attached hereto as Exhibit A.

## STATE COURT PLEADINGS

8. Defendants have filed true and legible copies of all process, pleadings, orders or other papers or exhibits of every kind that have been filed in the state court action.

WHEREFORE, Defendants, DR. MICHAEL LAMENSDORF and KATHY LAMENSDORF, would respectfully request that this Court enter an Order removing this entire action from the Superior Court for the Commonwealth of Massachusetts, Essex County, to the United States District Court for the District of Massachusetts, for the grounds set forth above.

761030v.1

Respectfully submitted,

MICHAEL LAMENSDORF, MICHAEL LAMENSDORF, M.D., P.C., BAYOU JENNKAY, INC., and KATHY LAMENSDORF

By their attorneys,

Brandon F. White, BBO# 525020
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

OF COUNSEL:
ABEL, BAND, RUSSELL, COLLIER, PITCHFORD & GORDON, CHARTERED
Michael S. Taaffe (Fla. Bar No. 490318)
240 South Pineapple Avenue
Sarasota, Florida 34230-6948
(941) 366-6660
(941) 366-3999 (fax)

Dated: May 2, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2005, I have caused a copy of the foregoing Notice of Removal to be delivered by hand to:

Edward Foye, Esq.
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109

Matthew E. Miller

761030v.1



COMMONWEALTH OF MASSACHUSETTS

ESSEX, s.s.　　　　　　　　　　　　SUPERIOR COURT
　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 2004-02318-B

---

JOHN A. HIRSCH AND RONALD W. ZOLLA, )
Individually and as officers, directors, and )
shareholders of ZHL, Inc. and ZHL, Inc. )
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiffs, 　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
MICHAEL LAMENSDORF and　　　　　)
KATHY LAMENSDORF, Individually and )
as shareholders of ZHL, INC.,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants.　　　　)

---

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

### Introduction

1.　　This complaint is brought by ZHL, Inc. ("ZHL"), through its majority shareholders and directors of ZHL, Inc. ("ZHL"), John A. Hirsch and Ronald W. Zolla. It concerns a proposed transaction in which ZHL intends to sell substantially all of its assets for a profit to an unrelated third party. It is brought against the minority shareholders Michael Lamensdorf ("Dr. Lamensdorf") and Kathy Lamensdorf ("Mrs. Lamensdorf") (collectively, "the Lamensdorfs"), whose failure to agree to the proposed transaction has created a controversy about the respective rights and obligations of the parties.

## Parties

2. John A. Hirsch ("Mr. Hirsch") is an individual residing at 20 Schooner Ridge, Marblehead, Essex County, Massachusetts 01945. Mr. Hirsch is an officer and director of ZHL.

3. Ronald W. Zolla ("Mr. Zolla") is an individual residing at 15 Brookside Road, Topsfield, Essex County, Massachusetts 01983. Mr. Zolla is an officer and director of ZHL. He and Mr. Hirsch collectively own more than 80% of ZHL's issued and outstanding shares.

4. ZHL, Inc., is a Massachusetts corporation that maintains its principal office at 17 Hawkes Street, Marblehead, Essex County, Massachusetts 01945.

5. Dr. Lamensdorf, a minority shareholder in ZHL, is a licensed ophthalmologist who maintains a regular place of business at 1428 South Tamiami Trail, Sarasota, Florida 34239.

6. Mrs. Lamensdorf, a minority shareholder in ZHL, maintains a regular place of business at 1428 South Tamiami Trail, Sarasota, Florida 34239.

## Jurisdiction and Venue

7. Jurisdiction over the defendants exist under Mass. Gen. L. ch. 223A, § 3(a)-(d), inclusive, insofar as the defendants have established a persistent course of dealing with Massachusetts domiciliaries and have willingly assumed fiduciary duties to the plaintiffs through their ownership of stock in ZHL, a Massachusetts business corporation. Venue is appropriate under Mass. Gen. L. ch. 223, § 1.

## Facts

8.  Mr. Hirsch and Mr. Zolla are management consultants who have for over twenty (20) years specialized exclusively in the management of ophthalmology practices. Through Ophnet, Inc. ("Ophnet"), a company which they own and operate, they have worked for ophthalmology practices throughout the company.

9.  In 1995, Ophnet entered into a contract with Dr. Lamensdorf and his medical practice to provide management and strategic planning services. Thereafter, Ophnet in fact provided services which led to significant growth in the member of patients that the practice saw and the number of surgeries that the practice performed.

10. In 1998, Dr. Lamensdorf, Mrs. Lamensdorf, Mr. Hirsch and Mr. Zolla jointly determined that the practice's surgical volume could support an ambulatory surgical center ("ASC"). Accordingly, the parties jointly agreed to build an ASC which would specialize in eye surgeries. To that end, they formed ZHL as a Massachusetts business corporation. Mr. Hirsch initially contributed $125,000 in capital to the corporation, Mr. Zolla contributed $125,000, and the Lamensdorfs together contributed $125,000. ZHL thereafter incurred more than $2 million in bank debt upon which all shareholders were personal guarantors.

11. Soon thereafter, ZHL entered into a Management Agreement (hereinafter, "the ZHL Management Agreement") with Ophnet effective January 15, 1999 whereby Ophnet would oversee the construction of and provide management services to, the ASC.

12. During the construction phase of the ASC, the Lamensdorfs claimed that they did not have sufficient funds to make the capital contributions necessary for the construction of the surgery center or to provide operating funds to permit ZHL to begin

3

conducting business activities. Accordingly, Mr. Hirsch and Mr. Zolla each individually agreed to and did loan ZHL $400,000. As detailed below, the Lamensdorfs for the next five years would steadfastly refuse to contribute further capital to ZHL, even when they were cause of the corporation's financial distress, and Mr. Hirsch and Mr. Zolla would be required to make a steady stream of capital infusions into ZHL.

13.     In mid-February 2002, Dr. Lamensdorf purported to terminate Ophnet's management services for his medical practice. A few months later, Dr. Lamensdorf abruptly removed his cases from the ASC, thereby causing ZHL substantial financial distress. Dr. Lamensdorf did so under the pretext that the ASC was not suitable facility for his surgeries, even though he was the medical director of the facility and in fact had taken an active role in designing the operating rooms.

14.     Shortly before pulling his cases from the ASC, Dr. Lamensdorf purported to terminate Ophnet's management contract with the ASC, as he had previously terminated Ophnet's contract with his medical practice. Those purported terminations lead to the litigation currently pending in the Superior Court for Essex County encaptioned Ophnet, Inc., et al. v. Lamensdorf, et al., No. 2-0419B ("the Ophnet damages litigation"). In that action, which remains pending, Ophnet asserts, inter alia, a substantial damages claim against ZHL for wrongful termination of the Management Agreement. Numerous other claims, including Dr. Lamensdorf's failure to pay monies due and owing under the purportedly terminated contracts, also remain pending.

15.     As a consequence of Dr. Lamensdorf's pulling his cases from the ASC, the facility has not turned a profit and indeed has required steady loans from Mr. Hirsch and Mr. Zolla in order to keep the facility operating and accredited. Most of those loans

have been used to pay the bank debt upon which the Lamensdorfs are personal guarantors.

16. In July, 2002, the shareholders of ZHL voted to authorize the issuance of additional treasury shares of stock and voted to sell of some of those shares to Mr. Hirsch and Mr. Zolla in return for the forgiveness of loans then outstanding. At that same time, Dr. Lamensdorf and Mrs. Lamensdorf were given the opportunity to purchase treasury stock from ZHL at the same price at which ZHL was selling that stock to Mr. Hirsch and Mr. Zolla. The Lamensdorfs refused. As a result of this transaction, the Lamensdorfs together now own less than thirteen percent (13%) of all ZHL stock now issued.

17. Recently, Mr. Hirsch and Mr. Zolla, on behalf of ZHL, entered into discussions with Global Surgical Partners, Inc. ("Global"), a company based in Florida, which seeks to buy the ASC. Thusfar, however, the Lamensdorfs have refused to provide their assent for the sale. Although the Lamensdorfs hold only a small minority of ZHL's shares, they have implicitly threatened litigation if the assets are sold insofar as their written communications have referred to their past grievances over the management of the ASC and conduct of the ongoing Ophnet damages litigation. On February 8, 2005, the parties signed a letter of intent which will, if and when Global makes a required deposit, provide Global with the right to purchase the ASC for just under $4 million.

18. ZHL at present intends to pay all loans now outstanding with the proceeds of any sales of Global, including loans which Mr. Hirsch and Mr. Zolla have advanced to the corporation to permit it to pay its bank loans. Although Dr. and Mrs. Lamensdorf are personal guarantors on those loans and although they have not contributed anything at all to the payment of the mortgage (other than their modest initial capital contribution), the

Lamensdorfs have indicated that any attempt to pay such shareholder loans will be resisted.

### Count I
(Sale of Assets)

19. This Court should determine that an actual controversy exists concerning the rights, duties, and/or status of the parties, and declare that ZHL's intent to sell a substantial portion of its assets, when formally voted upon by its Board of Directors and ratified by an appropriate vote of its shareholders, will be binding and effective, thereby ensuring that Mr. Hirsch, Mr. Zolla, ZHL and Global will not be subjected to further litigation concerning the sale.

### Count II
(Payment of Debt)

20. This Court should determine that an actual controversy exists concerning the rights, duties, and/or status of the parties, and declare that ZHL's intent to pay its currently outstanding debts from the proceeds of the sale to Global will, when formally voted by its Board of Directors, constitute a reasonable exercise of business judgment by Mr. Hirsch and Mr. Zolla in their capacity as directors such that those payments may go forward in the ordinary course.

### Count III
(Distribution of Proceeds)

21. The Lamensdorfs have made it known, directly and through their attorney, that they expect ZHL to make a liquidating distribution to its shareholders. ZHL, for its part, intends at present to consider other possible courses of action for the use of the funds which the sale generates, including continuing the business of constructing

ambulatory surgery centers and maintaining some portion of the proceeds as a prudent reserve against future debts and liabilities.

22. This Court should determine that an actual controversy exists concerning the rights, duties, and/or status of the parties, and declare that ZHL's Board of Directors may, in the reasonable exercise of its business judgment, use the proceeds for purposes other than liquidating distributions.

WHEREFORE, the plaintiffs request that this Honorable Court:

A. Render the declaratory judgments requested in Counts I-III above; and

B. Grant whatever other or additional relief this Honorable Court deems just and reasonable under the circumstances.

Respectfully submitted,

JOHN A. HIRSCH and RONALD W. ZOLLA

By their Attorneys,

J. Owen Todd (BBO # 499480)
Edward Foye (BBO #562375)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
617-720-2626

Dated: April 6, 2005

7

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. A 2318

John A. Hirsch and Ronald W. Zolla,
individually and as officers, directors and
shareholders of ZHL, Inc. and ZHL, Inc. ............, Plaintiff(s)

v.

Michael Lamensdorf and Kathy Lamensdorf,
individually and as shareholders of ZHL, Inc. ............, Defendant(s)

RECEIVED 05 APR 7 AM 9 30

## SUMMONS

To the above named Defendant: Michael Lamensdorf

You are hereby summoned and required to serve upon __Edward Foye of the law firm of Todd & Weld__ LI plaintiff's attorney, whose address is __28 State Street, Boston, MA 02109__, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at __Essex County__ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the sixth day of April, in the year of our Lord two thousand five

*Thomas H. Driscoll Jr.*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* -  TORT  -  MOTOR VEHICLE TORT  -
CONTRACT  -  EQUITABLE RELIEF  -  OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                                                   SUPERIOR COURT
                                                                                             CIVIL ACTION
                                                                                             No. A 2318

John A. Hirsch and Ronald W. Zolla, Individually and
as officers, directors and shareholders of ZH1, Inc.
and ZHL, Inc. ........................................................................................, Plaintiff(s)

v.

Michael Lamensdorf and Kathy Lamensdorf, individually and
as shareholders of ZHL, Inc.
................................................................................................, Defendant(s)

## SUMMONS

To the above named Defendant:   Kathy Lamensdorf

You are hereby summoned and required to serve upon  Edward Foye of the law firm of Todd & Weld, LL

plaintiff's attorney, whose address is  28 State Street, Boston, MA 02109           , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Essex County            either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

           WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the
  sixth    day of    April        , in the year of our Lord two thousand   five

                                                                    *[signature]*
                                                                           Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __John HIRSCH ET AL. V. Michael Lamensdorf et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
   740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
   315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
   380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
   690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

   **05 10902 DPW**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __Ophnet, Inc. et al. v. Michael Lamensdorf et al. C.A. No. 02-10570-RCL__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
   Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___Matthew Miller, Foley Hoag & Eliot LLP___
ADDRESS ___155 Seaport Boulevard, Boston, MA 02210___
TELEPHONE NO. ___(617) 832-1000___

(CategoryForm.wpd - 2/15/05)