UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| |
|---|
| JOHN A. HIRSCH and RONALD W. ZOLLA, Individually and as officers, directors, and shareholders of ZHL, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL LAMENSDORF and KATHY LAMENSDORF, Individually and as shareholders of ZHL, Inc., <br><br> Defendants. |

## MEMORANDUM OF LAW IN SUPPORT OF NOTICE OF REMOVAL

COME NOW, Defendants, DR. MICHAEL LAMENSDORF and KATHY LAMENSDORF, by and through their undersigned trial counsel, and hereby file and serve this Memorandum of Law in Support of their Notice of Removal. In support thereof, Defendants would state as follows:

### STATEMENT OF THE CASE AND FACTS

The instant suit is a civil action which includes a claim for declaratory relief. Per the allegations contained in the Complaint filed in State Court in the Commonwealth of Massachusetts, Plaintiffs, John Hirsch and Ronald Zolla, brought the instant action as majority shareholders of ZHL, Inc., a Massachusetts corporation. Plaintiffs originally filed the Complaint in December of 2004, yet failed to perfect service of process on the Defendants within the requisite one hundred twenty (120) day time period allowed for service of process of a complaint pursuant to applicable Massachusetts rules of procedure.

761013v.1

The court for the Commonwealth of Massachusetts subsequently dismissed the Complaint for failure to serve process and the matter was properly dismissed. In the interim, Defendants, Michael and Kathy Lamensdorf, filed an equitable action in the state of Florida seeking injunctive relief, the appointment of a receiver and the imposition of a constructive trust. The basis for the claims asserted by the Lamensdorfs stem from the Plaintiffs, Hirsch and Zolla's, improper self dealings and attempts to sell corporate property to the detriment of the Defendants. Subsequent to the service of process of the complaint filed by the Lamensdorfs in the state of Florida, Plaintiffs motioned the Commonwealth of Massachusetts to set aside its Order of Dismissal without any notice to the Defendants. The Court set aside the Order but not to the prejudice of the Defendants and noted that the Defendants may address the issue when properly served with process. Plaintiffs finally served the Defendants with process on April 11, 2005. The Complaint filed by the Plaintiffs is proper for removal since there exists a complete diversity of citizenship and because the property at issue in the Complaint, is valued in excess of the jurisdictional requirement of seventy five thousand dollars ($75,000.00). This is the first opportunity Defendants have had to remove this matter to federal court since they were served with the Complaint and learned of the Complaint for the first time on April 11, 2005.

## FEDERAL COURT JURISDICTION

This Court has jurisdiction of this case pursuant to 28 U.S.C. 1332 and 28 U.S.C. §1441(b), which state in part as follows:

761013v.1

"§1332. Diversity of Citizenship; amount in controversy; costs

(a) The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, and costs, and is between –
(1) citizens of different states;

§1441. Actions removable generally.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The Complaint filed herein is proper for removal to the District Court for the District of Massachusetts since none of the Defendants are citizens of Massachusetts and since there exists complete diversity between the parties. Furthermore, this action satisfies the amount in controversy requirement for federal court jurisdiction since the property at issue is valued in excess of $75,000. This Honorable Court therefore has original jurisdiction of this civil action.

## REMOVAL

This is an action which may properly be removed to this Court pursuant to 28 U.S.C. §1441 which states in pertinent part as follows:

"Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the district courts of the United States has original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . "

Given that this action is one over which the United States District Court for the District of Massachusetts would have original jurisdiction, this case may properly be removed by Defendants pursuant to 28 U.S.C. §1446(a) which provides:

761013v.1

"A defendant or defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the district court of the United States for the district and division within which such action is pending a Notice of Removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action."

In the instant suit, the Defendants have filed a Notice which complies with 28 U.S.C. §1446(a), in that it sets forth facts that show that this Court has original jurisdiction and that this case is subject to removal. Additionally, attached to that Notice is a copy of all process, pleadings and orders served upon Defendants in the state court action.

## TIMELINESS OF REMOVAL

28 U.S.C. §1446(b) requires that a Notice of Removal in a civil action or proceeding shall be filed within thirty (30) days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. While the Plaintiffs originally filed the Complaint in December of 2004, Defendants possessed no such knowledge of the filing of any pleading or the initiation of any action against them until the service of the Complaint on them on April 11, 2005. Thus, the Notice of Removal has been filed less than thirty (30) days from service of the Complaint.

WHEREFORE, Defendants, MICHAEL LAMENSDORF AND KATHY LAMENSDORF, respectfully request this Honorable Court enter its Order removing Case No. 2318 B from the Superior Court for the Commonwealth of Massachusetts, Essex County, in its entirety, to the United States District Court for the District of Massachusetts.

761013v.1

Respectfully submitted,

MICHAEL LAMENSDORF,
MICHAEL LAMENSDORF, M.D.,
P.C., BAYOU JENNKAY, INC., and
KATHY LAMENSDORF

By their attorneys,

_____
Brandon F. White, BBO# 525020
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

OF COUNSEL:
ABEL, BAND, RUSSELL, COLLIER,
PITCHFORD & GORDON,
CHARTERED
Michael S. Taaffe (Fla. Bar No. 490318)
240 South Pineapple Avenue
Sarasota, Florida 34230-6948
(941) 366-6660
(941) 366-3999 (fax)

Dated: May 2, 2005

761013v.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2005, I have caused a copy of the foregoing Memorandum of law in Support of Notice of Removal to be delivered by hand to:

Edward Foye, Esq.
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109

                                                    Matthew E. Miller

761013v.1