UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN A. HIRSCH and RONALD W. ZOLLA, Individually and as officers, directors, and shareholders of ZHL, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL LAMENSDORF and KATHY LAMENSDORF, Individually and as shareholders of ZHL, Inc., <br><br> Defendants. | Civil Acton No. 05-cv-10902-DPW <br><br> **ORAL ARGUMENT REQUESTED** |

**DEFENDANTS DR. MICHAEL LAMENSDORF'S AND KATHY LAMENSDORF'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT, OR IN THE ALTERNATIVE, MOTION TO STAY ACTION**

COME NOW, Defendants, DR. MICHAEL LAMENSDORF and KATHY LAMENSDORF, by and through their undersigned counsel, and pursuant to Rule 12(b), Federal Rules of Civil Procedure, hereby submit their Motion to Dismiss Plaintiffs' Complaint for Declaratory Judgment" and "Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint", under separate cover, and in support thereof state as follows:

    1.    This is a civil action seeking declaratory relief.  Plaintiffs, John A. Hirsch and Ronald W. Zolla, bring this action as officers, directors and shareholders of ZHL, Inc., a Massachusetts corporation.  In addition, ZHL brings this action as the owner of certain real property located in Sarasota County, Florida.  Plaintiffs are represented by the same counsel, Messrs. J. Owen Todd and Edward Foye, of the law firm of Todd & Weld.  Plaintiffs assert in their Complaint that this matter concerns a proposed transaction in which ZHL intends to sell substantially all of its assets for a profit to an unrelated third party.  Plaintiffs claim that

762445v.1

Defendants' failure to agree to the proposed transaction has created a controversy about the respected rights and obligations of the parties. Interestingly, Plaintiffs filed the action despite the fact that Plaintiffs failed to provide any information regarding the proposed sale to the minority shareholder Defendants, the Lamensdorfs.

2.  Plaintiffs originally filed the Complaint in state court in December of 2004, yet failed to perfect service of process on the Defendants within the requisite one hundred twenty (120) day time period allowed for service of process of a complaint pursuant to applicable Massachusetts rules of civil procedure. The court for the Commonwealth of Massachusetts subsequently dismissed the Complaint for failure to serve process and the matter was properly dismissed. On or about March 28, 2005, the Lamensdorfs filed an action in the Circuit Court for the State of Florida, Sarasota County, and sought equitable and injunctive relief prohibiting any sale of the subject property due to improper self dealings exhibited by the Plaintiffs. The Circuit Court for Sarasota County, Florida is the proper forum for the action since the Circuit Court has in rem jurisdiction over the subject property and may issue an Order affecting title to the property.

3.  The basis for the claims asserted by the Lamensdorfs in the Florida State Court action stem from the Plaintiffs, Hirsch and Zolla's, improper self dealings and attempts to sell corporate property to the detriment of the Defendants. The Lamensdorfs served their Complaint for equitable relief on ZHL's registered agent, William Hirsch, CPA, on April 6, 2005. Subsequent to the service of process on Mr. William Hirsch in the Florida action, Plaintiffs motioned the state court to set aside its Order of Dismissal without any notice to the Defendants. The Court set aside the Order but not to the prejudice of the Defendants and noted that the Defendants may address the issue when properly served with process. Plaintiffs finally served

762445v.1

the Defendants with process on April 11, 2005. Since complete diversity existed among the parties and the value of the property at issue was above $75,000, the Lamensdorfs exercised their procedural right to remove this matter to this Honorable Court. As such, the Lamensdorfs have not waived any right to have the state court's decision reconsidered since this is the first opportunity the Lamensdorfs have had to respond to same.

4.   The Order of Dismissal in the proceeding before the Superior Court for the Commonwealth of Massachusetts was properly entered and the Order should not have been set aside. The Court specifically reserved the right to have said argument heard subsequent to service of the Complaint on the Lamensdorfs. Since the Dismissal was proper, the Florida State Court action was filed first and therefore this action should further be dismissed based on the "principle of priority" which rests not only upon comity between courts of concurrent jurisdiction (even though this court is without jurisdiction to entertain this matter), but also upon wisdom and justice, including the prevention of unnecessary litigation and a multiplicity of suits.

5.   As additional grounds for the dismissal, the Lamensdorfs state that Plaintiff's Complaint should be dismissed, or in the alternative stayed, because of the parallel state court proceedings in Florida. The Plaintiffs' Complaint should be dismissed or stayed irrespective of whether this Court finds that this action was filed prior to the Florida state court action after considering the circumstances surrounding the Order of Dismissal entered by the Superior Court. Specifically, this Court should order dismissal or a stay of this action because this Court is an inconvenient forum, because this Court can avoid piecemeal litigation by ordering dismissal or a stay of this action, and because the property at issue is located in Sarasota County, Florida. For the same reasons, even if this Court finds that a dismissal or stay of the action is improper, Defendants move in the alternative for a transfer of venue to Florida under the theory of forum

762445v.1

non-conveniens.  Nevertheless, Plaintiffs' filing of an arguably duplicative action with this Court creates a multiplicity of actions, wastes judicial resources, and burdens the litigation process.

      6.      Defendants submit that based on the foregoing reasons, this matter should be dismissed, or in the alternative stayed, due to the fact that Plaintiffs' Complaint fails to state a cause of action for which relief can be granted and since this Court lacks in rem jurisdiction over the property in question.  In addition, this Court should dismiss or stay this action since the action pending in Florida state court was filed prior to the Complaint in this action since the Order of Dismissal should not have been set aside since Plaintiffs clearly failed to serve process on the Defendants within the requisite time period.  In addition, even if this Court finds that the setting aside of the Order of Dismissal was proper, this Court should dismiss this action, or in the alternative stay, since Florida is a more convenient location and since the subject property is located in the jurisdiction of the Florida state court.  Finally, as an alternative to the foregoing, if this Court finds that a dismissal or stay of this action is improper, Defendants respectfully request this Court enter an Order transferring venue to Florida given that same is a more convenient forum.

      7.      In further support of this Motion, Defendants submit the accompanying Memorandum.

762445v.1

WHEREFORE, Defendants, DR. MICHAEL LAMENSDORF and KATHY LAMENSDORF, respectfully request that this Court enter an Order Dismissing Plaintiffs' Complaint, or in the alternative staying the Complaint, for the grounds set forth above and as outline in the Memorandum of Law filed in support. In the event this Court finds that a dismissal or stay of this action is improper, Defendants respectfully request this Court transfer this matter to Florida under the theory of forum non-conveniens.

### REQUEST FOR ORAL ARGUMENT

Defendants respectfully request oral argument on the foregoing motion pursuant to Local Rule 7.1(D).

Respectfully submitted,

MICHAEL LAMENSDORF, MICHAEL LAMENSDORF, M.D., P.C., BAYOU JENNKAY, INC., and KATHY LAMENSDORF

By their attorneys,

*/s/ Matthew E. Miller*
Brandon F. White, BBO# 525020
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

OF COUNSEL:
ABEL, BAND, RUSSELL, COLLIER, PITCHFORD & GORDON, CHARTERED
Michael S. Taaffe (Fla. Bar No. 490318)
240 South Pineapple Avenue
Sarasota, Florida  34230-6948
(941)  366-6660
(941)  366-3999 (fax)

Dated: May 9, 2005

762445v.1

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Matthew E. Miller, one of the attorneys for Michael Lamensdorf and Kathy Lamensdorf, state that on May 9, 2005, counsel for defendants conferred with counsel for plaintiffs John A. Hirsch and Ronald W. Zolla, and counsel were unable to resolve the issues raised in the foregoing Motion.

/s/  Matthew E. Miller
Matthew E. Miller (BBO# 655544)

762445v.1