UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN A. HIRSCH and RONALD W. ZOLLA, Individually and as officers, directors, and shareholders of ZHL, Inc.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL LAMENSDORF and KATHY LAMENSDORF, Individually and as shareholders of ZHL, Inc.,<br><br>    Defendants. | Civil Acton No. 05-cv-10902-DPW |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS', DR. MICHAEL LAMENSDORF AND KATHY LAMENSDORF,
MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY
JUDGMENT, OR IN THE ALTERNATIVE, MOTION TO STAY ACTION**

Defendants, DR. MICHAEL LAMENSDORF and KATHY LAMENSDORF, file and serve this "Memorandum of Law in Support of Defendants', Dr. Michael Lamensdorf and Kathy Lamensdorf, Motion to Dismiss Plaintiffs' Complaint for Declaratory Judgment, or in the Alternative, Motion to Stay Action" (hereafter the "Motion").

**INTRODUCTION**

As discussed in Defendants' Motion, DR. MICHAEL LAMENSDORF and KATHY LAMENSDORF, move to dismiss, or in the alternative stay, Plaintiffs' Complaint because: (i) this Court lacks in rem jurisdiction over the subject property; (ii) the Florida state court action was filed prior to the Complaint in this action since the Order of Dismissal should not have been set aside since and Plaintiffs clearly failed to serve process on the Defendants within the requisite time period; (iii) even if this Court finds that the setting aside of the Order of Dismissal was proper, Florida is a more convenient location since the subject property is located in the

jurisdiction of the Florida state court; and (iv) in the alternative, this matter should be transferred to Florida as an alternative to the foregoing under the theory of forum non conveniens.

    I.    <u>This Court lacks in rem jurisdiction over property located in the state of Florida.</u>

The essence of Plaintiffs action against the Defendants is simply that Plaintiffs seek an Order of this Court declaring their entitlement to sell property owned by ZHL. The relief requested is improper since the Plaintiffs seek an Order affecting title to realty located in the jurisdiction of the Florida courts. An Order affecting title to realty in the state of Florida required a court to have in rem jurisdiction over the subject property.

In <u>Farley v. Farley</u>, 790 So.2d 574 (Fla. 4th DCA 2001), the appellate court determined that a Colorado decree was not entitled to full faith and credit in the State of Florida because it constituted an in rem judgment, directly affecting the title to realty in another state, and therefore was entered without jurisdiction. Accordingly, the entry by this Court of an Order affecting title to realty in the State of Florida would be without jurisdiction and improper.

    II.    <u>The Florida State Court action was filed first and Florida is a more convenient location for this dispute.</u>

Plaintiffs originally filed the Complaint in December of 2004, yet failed to perfect service of process on the Defendants within the requisite one hundred twenty (120) day time period allowed for service of process of a complaint pursuant to applicable Massachusetts rules of procedure. The court for the Commonwealth of Massachusetts subsequently dismissed the Complaint for failure to serve process and the matter was properly dismissed. On or about March 28, 2005, the Lamensdorfs filed an action in the Circuit Court for the State of Florida, Sarasota County, and sought equitable and injunctive relief prohibiting any sale of the subject property due to improper self dealings exhibited by the Plaintiffs. The Lamensdorfs had their Complaint for equitable relief served on ZHL's registered agent, William Hirsch, CPA, on April

6, 2005.  Subsequent to the service of process on Mr. William Hirsch in the Florida action, Plaintiffs motioned the state court to set aside its Order of Dismissal without any notice to the Defendants.  The Court set aside the Order but not to the prejudice of the Defendants and noted that the Defendants may address the issue when properly served with process.  Plaintiffs finally served the Defendants with process on April 11, 2005.  Since the Complaint filed by the Plaintiffs was proper for removal, the Lamensdorfs exercised their procedural right to remove this matter to this Honorable Court.  As such, the Lamensdorfs have not waived any right to have the state court's decision reconsidered since this is the first opportunity the Lamensdorfs have had to respond to same.  As such, under the principle of priority, this court should resort to the jurisdiction of the Florida state court.  See Bedingfield v. Bedingfield, 417 So.2d 1047, 1050 (Fla. 4th DCA 1982).

At the same time, Plaintiff's Complaint should be dismissed, or in the alternative stayed, because of parallel state court proceedings in Florida.  Specifically, this Court should order dismissal or a stay of this action because this Court is an inconvenient forum, because this Court can avoid piecemeal litigation by ordering dismissal or a stay of this action, and because the Florida state court first assumed jurisdiction over the controversy.  Further, Plaintiffs' filing of an arguably duplicative action with this Court creates a multiplicity of actions, wastes judicial resources, and burdens the litigation process.

It is well settled that a district court is under no compulsion to exercise its jurisdiction where the controversy may be settled more expeditiously in state court.  Brillhart v. Excess Ins. Co., 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942).  In Brillhart, the Court explained that "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting

the same issues, not governed by federal law." Id. at 494, 62 S.Ct., at 1175. The Supreme Court thus indicated that federal court deference to pending state proceedings is appropriate in certain circumstances. Id. Where another suit involving the same parties and providing the opportunity for "ventilation of the same state law issues" is pending in state court, a district court might be "indulging in gratuitous interference" if it permitted the federal action to proceed. Id.

Plaintiffs seek relief in this action and an Order allowing the sale of property located in Florida and which is already the subject of a lawsuit currently pending before the state court in Florida. The circumstances surrounding the dispute are similar and relevant in determining the parties' entitlement to the subject property. Allowing Plaintiffs to proceed in this action would burden the litigation process and thwart the policy of judicial economy in that the parties will have to litigate in two separate forums while the issues litigated will be nearly identical. Plaintiffs' claims, if any, are compulsory counterclaims in the pending Florida state court action between.

Federal courts should abstain from proceeding when state court litigation is pending. Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Upon a showing of exceptional circumstances, federal courts should defer to the state courts for resolution of the issues. Id. In citing Colorado River, 424 U.S. at 818-19, the Court in Moses H. Cone, declared that "the decision whether to stay or dismiss a federal action on grounds of wise judicial administration does not rest on a mechanical checklist, but on a careful balancing of the important factors (the location of property involved in the litigation, inconvenience of the federal forum, avoidance of piecemeal litigation, and the

order in which the concurrent forums obtained jurisdiction) relevant to the decision as they apply in a given case." <u>Moses H. Cone</u>, 460 U.S. at

In this case, the subject property is located in the county where the Florida state court proceeding is taking place.  As such, this federal forum is clearly inconvenient.  First, in property actions, the proper forum is where the property is located.  In contract actions, which is what formed the basis of the parties' original dispute, the "proper forum" is where "negotiations forming the contract between the parties occurred." <u>New England Machinery</u>, 827 F. Supp. 732, 734-35 (M.D.Fla. 1993); <u>accord</u> <u>Citizens Mortgage Corp. v. Investors Mortgage Ins. Co.</u>, 706 F. Supp. 819, 824 (M.D. Fla. 1989) (transferring insurance dispute to forum where "[v]irtually all the negotiations and dealings" occurred).  In this case, the contract was formed in Florida.

Furthermore, Plaintiffs are claiming that Defendants engaged in a series of deceitful acts and fraud.  It is well-settled that fraud claims, such as those at issue here, are deemed to "occur" in the district where the alleged misrepresentations or omissions were purportedly transmitted or withheld.  <u>Hutchens v. Bill Heard Chevrolet Co.</u>, 928 F. Supp. 1089, 1091 (M.D.Ala. 1996).  In this case, Plaintiffs allege that Defendants committed fraud in the negotiations of the contract and the execution of their performance of the contract. (Complaint ¶ 28-125).  Since the contract was negotiated in Florida, the alleged misrepresentations and omissions could only have occurred in those districts.

The next factor is the avoidance of piecemeal litigation.  <u>Moses H. Cone</u>, 460 U.S. at 2. Plaintiffs are not seeking relief in federal court based on federal law or anything requiring multi-forum litigation.  Rather, Plaintiffs are seeking relief for claims which directly relate to the title to the realty at issue.

The final factor discussed in <u>Moses H. Cone</u> is the order in which the concurrent forums obtained jurisdiction. As previously argued, the Order of Dismissal entered by the Superior Court should not have been set aside. This Court should thus dismiss or, in the alternative, stay this action pending resolution of the Florida state court proceeding. In the alternative to same, this Court should transfer the matter to Florida under the theory of forum non-convenience since the subject property is located in Florida.

Respectfully submitted,

MICHAEL LAMENSDORF, MICHAEL LAMENSDORF, M.D., P.C., BAYOU JENNKAY, INC., and KATHY LAMENSDORF

By their attorneys,

*/s/ Matthew E. Miller*
Brandon F. White, BBO# 525020
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

OF COUNSEL:
ABEL, BAND, RUSSELL, COLLIER, PITCHFORD & GORDON, CHARTERED
Michael S. Taaffe (Fla. Bar No. 490318)
240 South Pineapple Avenue
Sarasota, Florida 34230-6948
(941) 366-6660
(941) 366-3999 (fax)

Dated: May 9, 2005