MAS-20041213                 Case 1:05-cv-10902-DPW    Document 7    Filed 05/11/2005    Page 1 of 40    05/09/2005
collins                                  Commonwealth of Massachusetts                                                    12:07 PM
                                              ESSEX SUPERIOR COURT
                                                  Case Summary
                                                   Civil Docket

## ESCV2004-02318
### Hirsch et al v Lamensdorf et al

| File Date | 12/23/2004 | Status | Disposed: transfered to other court (dtrans) | | |
|---|---|---|---|---|---|
| Status Date | 05/09/2005 | Session | B - Civil-CtRm 1 (Newburyport) | | |
| Origin | 1 | Case Type | D13 - Declaratory judgement (231A) | | |
| Lead Case | | Track | A | | |

| Service | 03/23/2005 | Answer | 05/22/2005 | Rule12/19/20 | 05/22/2005 |
|---|---|---|---|---|---|
| Rule 15 | 03/18/2006 | Discovery | 02/11/2007 | Rule 56 | 04/12/2007 |
| Final PTC | 08/10/2007 | Disposition | 12/23/2007 | Jury Trial | No |

### PARTIES

**Plaintiff**
John A Hirsch
Active 12/23/2004

**Private Counsel 499480**
J Owen Todd
Todd & Weld
28 State Street
31st Floor
Boston, MA 02109
Phone: 617-720-2626
Fax: 617-227-5777
Active 12/23/2004 Notify

**Plaintiff**
Roland W Zolla Individually and as officers
directorsof ZHL Inc
Active 12/23/2004

**Defendant**
Michael Lamensdorf
Served: 04/25/2005
Served (answr pending) 04/25/2005

**Defendant**
Kathy Lamensdorf Individually and as shareholders
ZHL Inc
Served: 04/25/2005
Served (answr pending) 04/25/2005

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 12/23/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 12/23/2004 | | Origin 1, Type D13, Track A. |
| 04/08/2005 | 2.0 | JUDGEMENT OF DISMISSAL re: Michael Lamensdorf; Kathy Lamensdorf |

MAS-20? ?213
collins
Case 1:05-cv-10902-DPW   Document 7   Filed 05/11/2005   Page 2 of 40

**Commonwealth of Massachusetts**
**ESSEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

05/09/2005
12:07 PM

## ESCV2004-02318
## Hirsch et al v Lamensdorf et al

| Date | Paper | Text |
|------|-------|------|
| | 2.0 | Individually and as shareholders ZHL Inc (w/o prejudice; service not complete by 1-88 deadline).□Copies mailed. |
| 04/08/2005 | | Case status changed to 'Disposed: dismissd/no service' at service deadline review |
| 04/20/2005 | 3.0 | Plaintiff John A Hirsch, Roland W Zolla Individually and as officers directorsof ZHL Inc's MOTION to Vacate judgment of dismissal, Filed 4/15/05 |
| 04/20/2005 | | MOTION (P#3) Allowed in the interest of justice without prejudice to reconsideration being sought by the defendants. (Elizabeth M. Fahey, Justice). Notices mailed April 20, 2005 |
| 04/25/2005 | 4.0 | SERVICE RETURNED: Michael Lamensdorf(Defendant) |
| 04/25/2005 | 5.0 | SERVICE RETURNED: Kathy Lamensdorf Individually and as shareholders ZHL Inc(Defendant) |
| 05/09/2005 | 6.0 | Notice for Removal to the United States District Court filed by Michael Lamensdorf, Kathy Lamensdorf Individually and as shareholders ZHL Inc, filed 5/4/05 |
| 05/09/2005 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, s.s.

SUPERIOR COURT
CIVIL ACTION NO.

A 2318

)
JOHN A. HIRSCH AND RONALD W. ZOLLA,   )
Individually and as officers, directors, and   )
shareholders of ZHL, Inc.   )
   )
            Plaintiffs,   )
   )
v.   )
   )
MICHAEL LAMENSDORF and   )
KATHY LAMENSDORF, Individually and   )
as shareholders of ZHL, INC.,   )
   )
            Defendants.   )
   )

## **COMPLAINT FOR DECLARATORY JUDGMENT**

### **Introduction**

1.      This complaint is brought by the majority shareholders and directors of

ZHL, Inc. ("ZHL"), John A. Hirsch and Ronald W. Zolla. It concerns a proposed

transaction in which ZHL intends to sell substantially all of its assets for a profit to an

unrelated third-party. It is brought against the minority shareholders Michael

Lamensdorf ("Dr. Lamensdorf") and Kathy Lamensdorf ("Mrs. Lamensdorf")

(collectively, "the Lamensdorfs"), whose failure to agree to the proposed transaction has

created a controversy about the respective rights and obligations of the parties.

## Parties

2.     John A. Hirsch ("Mr. Hirsch") is an individual residing at 20 Schooner Ridge, Marblehead, Essex County, Massachusetts 01945. Mr. Hirsch is an officer and director of ZHL.

3.     Ronald W. Zolla ("Mr. Zolla") is an individual residing at 15 Brookside Road, Topsfield, Essex County, Massachusetts 01983. Mr. Zolla is an officer and director of ZHL. He and Mr. Hirsch collectively own more than 80% of ZHL's issued and outstanding shares.

4.     Dr. Lamensdorf, a minority shareholder in ZHL, is a licensed ophthalmologist who maintains a regular place of business at 1428 South Tamiami Trail, Sarasota, Florida 34239.

5.     Mrs. Lamensdorf, a minority shareholder in ZHL, maintains a regular place of business at 1428 South Tamiami Trail, Sarasota, Florida 34239.

## Jurisdiction and Venue

6.     Jurisdiction over the defendants exist under Mass. Gen. L. ch. 223A, § 3(a)-(d), inclusive, insofar as the defendants have established a persistent course of dealing with Massachusetts domiciliaries and have willingly assumed fiduciary duties to the plaintiffs through their ownership of stock in ZHL, a Massachusetts business corporation. Venue is appropriate under Mass. Gen. L. ch. 223, § 1.

## Facts

7.      Mr. Hirsch and Mr. Zolla are management consultants who have for over twenty (20) years specialized exclusively in the management of ophthalmology practices. Through Ophnet, Inc. ("Ophnet"), a company which they own and operate, they have worked for ophthalmology practices throughout the company.

8.      In 1995, Ophnet entered into a contract with Dr. Lamensdorf and his medical practice to provide management and strategic planning services. Thereafter, Ophnet in fact provided services which led to significant growth in the member of patients that the practice saw and the number of surgeries that the practice performed.

9.      In 1998, Dr. Lamensdorf, Mrs. Lamensdorf, Mr. Hirsch and Mr. Zolla jointly determined that the practice's surgical volume could support an ambulatory surgical center ("ASC"). Accordingly, the parties jointly agreed to build an ASC which would specialize in eye surgeries. To that end, they formed ZHL as a Massachusetts business corporation. Mr. Hirsch initially contributed $125,000 in capital to the corporation, Mr. Zolla contributed $125,000, and the Lamensdorfs together contributed $125,000. ZHL thereafter incurred more than $2 million in bank debt upon which all shareholders were personal guarantors.

10.     Soon thereafter, ZHL entered into a Management Agreement (hereinafter, "the ZHL Management Agreement") with Ophnet effective January 15, 1999 whereby Ophnet would oversee the construction of and provide management services to, the ASC.

11.     During the construction phase of the ASC, the Lamensdorfs claimed that they did not have sufficient funds to make the capital contributions necessary for the construction of the surgery center or to provide operating funds to permit ZHL to begin

3

conducting business activities. Accordingly, Mr. Hirsch and Mr. Zolla each individually agreed to and did loan ZHL $400,000. As detailed below, the Lamensdorfs for the next five years would steadfastly refuse to contribute further capital to ZHL, even when they were cause of the corporation's financial distress, and Mr. Hirsch and Mr. Zolla would be required to make a steady stream of capital infusions into ZHL.

12.     In mid-February 2002, Dr. Lamensdorf purported to terminate Ophnet's management services for his medical practice. A few months later, Dr. Lamensdorf abruptly removed his cases from the ASC, thereby causing ZHL substantial financial distress. Dr. Lamensdorf did so under the pretext that the ASC was not suitable facility for his surgeries, even though he was the medical director of the facility and in fact had taken an active role in designing the operating rooms.

13.     Shortly before pulling his cases from the ASC, Dr. Lamensdorf purported to terminate Ophnet's management contract with the ASC, as he had previously terminated Ophnet's contract with his medical practice. Those purported terminations lead to the litigation currently pending in the Superior Court for Essex County encaptioned Ophnet, Inc., et al. v. Lamensdorf, et al., No. 2-0419B ("the Ophnet damages litigation"). In that action, which remains pending, Ophnet asserts, inter alia, a substantial damages claim against ZHL for wrongful termination of the Management Agreement. Numerous other claims, including Dr. Lamensdorf's failure to pay monies due and owing under the purportedly terminated contracts, also remain pending.

14.     As a consequence of Dr. Lamensdorf's pulling his cases from the ASC, the facility has not turned a profit and indeed has required steady loans from Mr. Hirsch and Mr. Zolla in order to keep the facility operating and accredited. Most of those loans

4

have been used to pay the bank debt upon which the Lamensdorfs are personal guarantors.

15.    In July, 2002, the shareholders of ZHL voted to authorize the issuance of additional treasury shares of stock and voted to sell of some of those shares to Mr. Hirsch and Mr. Zolla in return for the forgiveness of loans then outstanding. At that same time, Dr. Lamensdorf and Mrs. Lamensdorf were given the opportunity to purchase treasury stock from ZHL at the same price at which ZHL was selling that stock to Mr. Hirsch and Mr. Zolla. The Lamensdorfs refused. As a result of this transaction, the Lamensdorfs together now own less than thirteen percent (13%) of all ZHL stock now issued.

16.    Recently, Mr. Hirsch and Mr. Zolla, on behalf of ZHL, entered into discussions with Global Surgical Partners, Inc. ("Global"), a company based in Florida, which seeks to buy the ASC. Thusfar, however, the Lamensdorfs have refused to provide their assent for the sale. Although the Lamensdorfs hold only a small minority of ZHL's shares, they have implicitly threatened litigation if the assets are sold insofar as their written communications have referred to their past grievances over the management of the ASC and conduct of the ongoing Ophnet damages litigation. Furthermore, Global has suggested in negotiations that it would want releases from all parties to the ongoing litigation to ensure that Global will not be drawn into the fray. The Lamensdorfs have, through counsel, thusfar declined to provide such a release.

17.    ZHL at present intends to pay all loans now outstanding with the proceeds of any sales of Global, including loans which Mr. Hirsch and Mr. Zolla have advanced to the corporation to permit it to pay its bank loans. Although Dr. and Mrs. Lamensdorf are personal guarantors on those loans and although they have not contributed anything at all

5

to the payment of the mortgage (other than their modest initial capital contribution), the Lamensdorfs have indicated that any attempt to pay such shareholder loans will be resisted.

## Count I
### (Sale of Assets)

18.    This Court should determine that an actual controversy exists concerning the rights, duties, and/or status of the parties, and declare that ZHL's intent to sell a substantial portion of its assets, when formally voted upon by its Board of Directors and ratified by an appropriate vote of its shareholders, will be binding and effective, thereby .,ensuring that Mr. Hirsch, Mr. Zolla, ZHL and Global will not be subjected to further litigation concerning the sale.

## Count II
### (Payment of Debt)

19.    This Court should determine that an actual controversy exists concerning the rights, duties, and/or status of the parties, and declare that ZHL's intent to pay its currently outstanding debts from the proceeds of the sale to Global will, when formally voted by its Board of Directors, constitute a reasonable exercise of business judgment by Mr. Hirsch and Mr. Zolla in their capacity as directors such that those payments may go forward in the ordinary course.

## Count III
### (Distribution of Proceeds)

20.    The Lamensdorfs have made it known, directly and through their attorney, that they expect ZHL to make a liquidating distribution to its shareholders. ZHL, for its part, intends at present to consider other possible courses of action for the use of the funds which the sale generates, including continuing the business of constructing

6

ambulatory surgery centers and maintaining some portion of the proceeds as a prudent
reserve against future debts and liabilities.

21.     This Court should determine that an actual controversy exists concerning
the rights, duties, and/or status of the parties, and declare that ZHL's Board of Directors
may, in the reasonable exercise of its business judgment, use the proceeds for purposes
other than liquidating distributions.

WHEREFORE, the plaintiffs request that this Honorable Court:

A.      Render the declaratory judgments requested in Counts I-III above; and

B.      Grant whatever other or additional relief this Honorable Court deems just
and reasonable under the circumstances.

Respectfully submitted,

JOHN A. HIRSCH and RONALD W. ZOLLA

By their Attorneys,

J. Owen Todd (BBO # 499480)
Edward Foye (BBO #562375)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
617-720-2626

Dated: December 9, 2004

| CIVIL ACTION COVER SHEET | ʌ 2318 | Trial Court of Massachusetts Superior Court Department County: Essex |
|---|---|---|

| PLAINTIFF(S) John A. Hirsch and Ronald W. Zolla, Individually and as officers, directors, and shareholders of ZHL, Inc. | DEFENDANT(S) Michael Lamensdorf and Kathy Lamensdorf, Individually and as shareholders of ZHL, Inc. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 617-720-2626 J. Owen Todd (BBO#499480) Edward Foye (BBO#562375) Todd & Weld LLP, 28 State Street, Boston, MA Board of Bar Overseers number:               02109 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:

- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- ☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D13 | Declaratory Judgment | ( A ) | ( ) Yes     XX ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS *(N.A.)*
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1.   Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
2.   Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
3.   Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
4.   Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
5.   Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
                                                                                         Subtotal $. . . . . . . . . . . .
B.  Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
C.  Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
D.  Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
E.  Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
F.  Other documented items of damages (describe)

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                                         TOTAL $. . . . . . . . . . . .

### CONTRACT CLAIMS *(N.A.)*
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                                                         TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____                    DATE: Dec. 9, 2004

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## CIVIL ACTION COVER SHEET
## INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| **CONTRACT** | | **REAL PROPERTY** | | **MISCELLANEOUS** | |
|---|---|---|---|---|---|
| A01 Services, labor and materials | (F) | C01 Land taking (eminent domain) | (F) | E02 Appeal from administrative | (X) |
| A02 Goods sold and delivered | (F) | C02 Zoning Appeal, G.L. c.40A | (F) | Agency G.L. c. 30A | |
| A03 Commercial Paper | (F) | C03 Dispute concerning title | (F) | E03 Action against Commonwealth | |
| A08 Sale or lease of real estate | (F) | C04 Foreclosure of mortgage | (X) | Municipality, G.L. c.258 | (A) |
| A12 Construction Dispute | (A) | C05 Condominium lien and charges | (X) | E05 All Arbitration | (X) |
| A99 Other (Specify) | (F) | C99 Other (Specify) | (F) | E07 c.112,s.12S (Mary Moe) | (X) |
| **TORT** | | | | E08 Appointment of Receiver | (X) |
| B03 Motor Vehicle negligence- | | **EQUITABLE REMEDIES** | | E09 General contractor bond, | |
| personal injury/property damage | (F) | D01 Specific performance of contract | (A) | G.L. c.149,s.29,29a | (A) |
| B04 Other negligence-personal | | D02 Reach and Apply | (F) | E11 Workman's Compensation | (X) |
| injury/property damage | (F) | D06 Contribution or Indemnification | (F) | E14 Chapter 123A Petition-SDP | (X) |
| B05 Products Liability | (A) | D07 Imposition of Trust | (A) | E15 Abuse Petition, G.L.c.209A | (X) |
| B06 Malpractice-medical | (A) | D08 Minority Stockholder's Suit | (A) | E16 Auto Surcharge Appeal | (X) |
| B07 Malpractice-other(Specify) | (A) | D10 Accounting | (A) | E17 Civil Rights Act, G.L.c.12,s.11H | (A) |
| B08 Wrongful death,G.L.c.229,s2A | (A) | D12 Dissolution of Partnership | (F) | E18 Foreign Discovery proceeding | (X) |
| B15 Defamation (Libel-Slander) | (A) | D13 Declaratory Judgment G.L.c.231A | (A) | E96 Prisoner Cases | (F) |
| B19 Asbestos | (A) | D99 Other (Specify) | (F) | E97 Prisoner Habeas Corpus | (X) |
| B20 Personal Injury-Slip&Fall | (F) | | | E99 Other (Specify) | (X) |
| Environmental | (A) | | | | |
| Employment Discrimination | (F) | | | | |
| Other (Specify) | (F) | | | | |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes  ☐ No |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2004-02318-B**

RE:  **Hirsch et al v Lamensdorf et al**

TO:J Owen Todd, Esquire
Todd & Weld
28 State Street
31st Floor
Boston, MA 02109



## **TRACKING ORDER - A TRACK**

You are hereby notified that this case is on the average (A) track as per Superior Court
Standing Order 1-88. The order requires that the various stages of litigation described below
must be completed not later than the deadlines indicated.

### **STAGES OF LITIGATION**                              **DEADLINE**

| | |
|---|---:|
| Service of process made and return filed with the Court | 03/23/2005 |
| Response to the complaint filed (also see MRCP 12) | 05/22/2005 |
| All motions under MRCP 12, 19, and 20 filed | 05/22/2005 |
| All motions under MRCP 15 filed | 03/18/2006 |
| All discovery requests and depositions completed | 02/11/2007 |
| All motions under MRCP 56 served and heard | 04/12/2007 |
| Final pre-trial conference held and firm trial date set | 08/10/2007 |
| Case disposed | 12/23/2007 |

The final pre-trial deadline is **not the scheduled date of the conference.**  You will be
notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline
for filing return of service.**

This case is assigned to session **B** sitting **in CtRm 1 (Newburyport), Essex Superior
Court.**

Dated: 12/29/2004                                                          Thomas H. Driscoll Jr.
                                                                                     Clerk of the Courts

                                                              BY: JoDee Doyle - Sheila Gaudette
Location: CtRm 1 (Newburyport)                                               Assistant Clerk
Telephone: (978) 462-4474

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior
Court at (617) 788-8130**

3

COMMONWEALTH OF MASSACHUSETTS

ESSEX, s.s.                                      SUPERIOR COURT
                                                CIVIL ACTION NO. 2004-02318-B

                                    )
JOHN A. HIRSCH AND RONALD W. ZOLLA, )
Individually and as officers, directors, and )
shareholders of ZHL, Inc. and ZHL, Inc.      )
                                    )
                  Plaintiffs,       )
                                    )
v.                                  )
                                    )
MICHAEL LAMENSDORF and              )
KATHY LAMENSDORF, Individually and  )
as shareholders of ZHL, INC.,       )
                                    )
                  Defendants.       )
                                    )

*Allowed on re-interest of justice and without prejudice to reconsideration being moved by the D's.*
*Elm Falvey/Sc 4/9/05*

### VERIFIED MOTION TO VACATE DISMISSAL
### FOR FAILING TO EFFECT PROCESS
#### (Memorandum Incorporated)

The plaintiffs in this matter, John A. Hirsch ("Mr. Hirsch") and Ronald W. Zolla

("Mr. Zolla") (together "plaintiffs"), herewith move to vacate the default apparently

entered on April 8, 2005 in this matter. In support of their motion, the plaintiffs state that

(i) the Court accepted for filing their amended complaint prior to the entry of the

judgment of default, (ii) that they served the amended complaint upon the defendants in

this matter in reliance upon the Court's acceptance of the amended complaint, and

(iii) that good grounds exist for the original failure to make service (of the original

complaint within 90 days) pursuant to Mass. R. Civ. P. 4. In further support of their

motion, the plaintiff's state:

     1.     On December 9, 2004, Mr. Hirsch and Mr. Zolla filed a "Complaint for Declaratory Judgment" in this Court. The complaint sought, among other things, a declaration that a proposed sale of the assets of a Massachusetts business corporation, ZHL, was proper.

     2.     Mr. Hirsch and Mr. Zolla did not then serve their complaint, because it was uncertain whether negotiations then pending between the parties would in fact produce a binding agreement. Later, the prospective buyers signed a letter of intent, but that letter of intent did not require the buyer to make a cash deposit until April, 2005, which factual circumstances resulted in this delay.

     3.     On April 6, 2005, Mr. Hirsch and Mr. Zolla amended their Complaint as a matter of right, since no answer had yet been filed. See Exhibit A (cover letter enclosing Amended Complaint). The amendment concededly came more than ninety (90) days after the original complaint had been filed, but since no judgment of dismissal or other action had then been taken by the Court, the complaint remained pending. The Court subsequently acknowledged its receipt of this Complaint by date stamping the Complaint April 7, 2005, albeit on the back of the last page of the Complaint, rather than on the cover page of it. See Exhibit B, a true and accurate copy of the date stamp that counsel received from the Court.

     4.     In reliance upon the Court's acceptance of the amended complaint, Mr. Hirsch and Mr. Zolla subsequently served it upon defendants. See Exhibit C, the return of service from the Florida Sheriff.

     5.     Just yesterday, April 14, 2005, the attorney for Mr. Hirsch and Mr. Zolla received from this Court the Amended Complaint returned in an envelope with a notation

that the Complaint had been dismissed on "4/8/05" for failure to make service of process. That, of course, is one day <u>after</u> the Amended Complaint was accepted for filing. See Exhibit D.

6.    Under Mass. R. Civ. P. 4 a dismissal enters after 90 days for failure to effect service of process <u>either</u> by the Court on its own initiative, <u>or</u> after motion. <u>See</u> Mass. R. Civ. P. 4(j). As of April 7, 2005, when the Court accepted the plaintiffs' amended complaint, the Court had neither dismissed the action on its own initiative nor in response to a motion. Moreover, this Court could (and courts frequently do) extend the time for service of the complaint. <u>See, e.g.</u>, Mass. R. Civ. Proc. 6(b)(2). As matters now stand, however, with the dismissal in place, there is no possibility of Mr. Hirsch and Mr. Zolla filing such a motion to extend their time to serve.

7.    To the extent that the Lamensdorfs believe that they were prejudiced by plaintiffs' failure to serve the original complaint within ninety (90) days, they may certainly bring a motion to dismiss for that reason after they have been served and brought into this action.

8.    Mr. Hirsch and Mr. Zolla, however, respectfully submit that under the unique circumstances of this case, the default should be removed both to spare the plaintiffs the expense of commencing and serving another action, and to provide a forum in which these issues can be raised.

WHEREFORE, the plaintiffs respectfully request that this Honorable Court:

A.    Remove the notation on the docket that judgment had been entered as of April 8, 2005 as a clerical error which had been improvidently made; or, in the alternative,

3

B.    Vacate the judgment of dismissal, either on the grounds that the
acceptance of the Amended Complaint for filing precluded the entry of a
judgment of dismissal under Rule 4, and/or because of the interests of
justice so require;

C.    Accept the Amended Complaint attached hereto as Exhibit E, for filing;
and

D.    Grant whatever other or additional relief this Honorable Court deems just
under the circumstances.

Respectfully submitted,

JOHN A. HIRSCH and RONALD W. ZOLLA

By their Attorneys,

Edward Foye / RPA by permission

J. Owen Todd (BBO # 499480)
Edward Foye (BBO #562375)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
Dated:   April 15, 2005        617-720-2626

## VERIFICATION

I, Edward Foye, attorney for the plaintiffs, John A. Hirsch and Ronald W. Zolla,

herewith certify that under the pains and penalties of perjury that each of the foregoing

statements is true and accurate to the best of my knowledge, information and belief.

Edward Foye / RPA by permission

Edward Foye

4

EXHIBIT

A

# TODD & WELD LLP

ATTORNEYS AT LAW
28 STATE STREET
BOSTON, MASSACHUSETTS 02109

EDWARD FOYE

TELEPHONE:  (617) 720-2626
FACSIMILE:  (617) 227-5777
www.toddweld.com

April 6, 2005

## BY OVERNIGHT DELIVERY

JoDee Doyle, Assistant Clerk
Essex County Superior Court
High Street
Newburyport, MA 01950

  **Re: Hirsch, et al. v. Lamensdorf, et al.**
    **Civil Action No. 2004-02318-B**

Dear Ms. Doyle:

  Enclosed for filing please find the plaintiffs' Amended Complaint. Please note that the defendants in this matter have not appeared or answered, and that amendment will therefore lie as a matter of right.

  In addition, please find enclosed $2.00 in payment for two summonses. Kindly provide the summonses to me in the enclosed self-stamped envelope. I would also appreciate receiving a date-stamped copy of the cover page to the Amended Complaint, which has also been provided to you for that purpose.

  In light of the amendment of the complaint, I believe it would be appropriate to issue a new tracking order. If you agree, I would appreciate receiving that in the same return envelope.

          Yours very truly,

          Edward Foye

EF/jml
Enclosures

cc: Mr. John Hirsch
  Mr. Ron Zolla

| | | | |
|---|---|---|---|
| KATHY LAMENSDORF | | **EXHIBIT** | 0001675-05 |
| | TO BE SERVED | | 04023188 RECEIPT NO. |
| 1428 S TAMIAMI TR SARASOTA | | | CASE NO. |
| JOHN A HIRSCH & RONALD W ZOLLA ETC ET AL ADDRESS | | OOS  LC | |
| MICHAEL LAMENSDORF & KATHY LAMENSDORF ETC ET AL PLAINTIFF-PETITIONER | | | COURT DATE SUPERIOR/ESS |
| SUMMONS/AMENDED COMPLAINT FOR DECLARATORY JUDGMENT DEFENDANT-RESPONDENT | | | COURT |
| TYPE OF WRIT | | | |

```
┌                                                        ┐
        EDWARD FOYE ESQ
        TODD & WELD LLP
        28 STATE ST
        BOSTON, MA   02109
└                                                        ┘
```

PLAINTIFF / ATTORNEY

Received this writ on the _____ 7 TH _____ day of _____ APRIL _____ 20 005 and
served the same at 1 _____ 11 : 40 A M on the _____ day
of _____ , 20 0 5 ___ in SARASOTA _____ County, Florida as follows:

__ **INDIVIDUAL**
By delivering a true copy of this writ together with a copy of the initial pleadings, if any, with the date and
hour of service endorsed thereon by me to: (Person Served)
_____

__ **SUBSTITUTE**
By delivering a true copy of this writ together with a copy of the initial pleadings, if any, with the date and
hour of service endorsed thereon by me
__ to the defendant's spouse to – wit: _____
__ at the defendant's usual place of abode with a person residing therein who is 15 years of age, or
   older, to – wit: _____
   and informing said person of their contents.

__ **CORPORATE**
By delivering a true copy of this writ together with a copy of the initial pleadings, if any, with the date and hour of
service endorsed thereon by me
__ To: _____ as _____
   of _____ in the absence of any higher ranking
   officer as defined in Florida Statute 48.081 (1).
__ To: _____ as registered agent of_____
   _____ according to Florida Statute 48.081 (3).
__ To:_____ , as an employee of the within named
   corporation at said corporation's place of business because service could not be made on the
   registered agent for failure to comply with Chapter 48.091, thereby complying with Chapter
   48.081 (3), Florida Statutes.

__ **POSTED RESIDENTIAL**
By attaching a true copy of this writ with the date and hour of service endorsed thereon by me together with a copy of
the complaint or petition, to a conspicuous place on the property described within after making two (2) attempts not
less than six (6) hours apart in that the tenant could not be found and there was no person residing therein, fifteen (15)
years of age or older whom service could be made, after the provisions as set forth in Chapter 48.183 (1), Florida
Statutes have been met.

__ **NOT FOUND**
By returning said writ unserved for the reason that after due diligence to locate the named person
could not be found in Sarasota County, Florida.

__ **OTHER**

OFFICIAL NOTARY SEAL
BETTY FREDDES
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. DD140543
MY COMMISSION EXP. AUG. 25.2006

4/11/05

WILLIAM F. BALKWILL   **SHERIFF**
SARASOTA   COUNTY, FLORIDA

SERVICE COST: __$ 35.00__                BY: _____ Deputy Sheriff

COURT COPY

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 1 2318

John A. Hirsch and Ronald W. Zolla, Individu[...]d
as officers, directors and shareholders of ZH1, Inc.
and ZHL, Inc......................................................................................................., Plaintiff(s)

v.

Michael Lamensdorf and Kathy Lamensdorf, individually and
as shareholders of ZHL, Inc.
............................................................................................................, Defendant(s)

**RECEIVED APR 7 AM 9 30**

## SUMMONS

To the above named Defendant:   Kathy Lamensdorf

You are hereby summoned and required to serve upon Edward Foye of the law firm of Todd & Weld, LI

plaintiff's attorney, whose address is 28 State Street, Boston, MA 02109 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Essex County either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the

sixth day of April , in the year of our Lord two thousand five

*Thomas H. Driscoll Jr.*
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _April 11_, 20 05, I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_Personal service on Kathy Lamensdorf_

Dated: _4-11_ ,20 05.    _K. Rosen_ #1108

N.B.    TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT</u>.

_April 11_ ,20 05.

---

COMMONWEALTH OF
MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.  2004-02318-B

John A. Hirsch and Ronald W. Zolla,
Individually and as officers, directors and
shareholders of ZHL, Inc. and ZHL, Inc.
Plaintiff(s)

v.

Michael Lamensdorf and Kathy
Lamensdorf, Individually and as
shareholders of ZHL, Inc.
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

MICHAEL LAMENSDORF

TO BE SERVED

0001675-05

RECEIPT NO.
0402318B

CASE NO.

1428 S TAMIAMI TR SARASOTA

ADDRESS

JOHN A HIRSCH & RONALD W ZOLLA ETC ET AL    DOS    LC

PLAINTIFF - PETITIONER

MICHAEL LAMENSDORF & KATHY LAMENSDORF ETC ET AL

DEFENDANT - RESPONDENT

SUMMONS/AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

TYPE OF WRIT

COURT DATE
SUPERIOR/ESS

COURT

EDWARD FOYE ESQ
TODD & WELD LLP
28 STATE ST
BOSTON, MA   02109

PLAINTIFF / ATTORNEY

Received this writ on the _____ 7 TH _____ day of _____ APRIL _____, 20̶0̶5̶ and
served the same at _____ 11:40 _____ M on the _____ 11th _____ day
of _____ April _____, 2005 in _____ SARASOTA _____ County, Florida as follows:

__ **INDIVIDUAL**
By delivering a true copy of this writ together with a copy of the initial pleadings, if any, with the date and
hour of service endorsed thereon by me to: (Person Served)
_____

__ **SUBSTITUTE**
By delivering a true copy of this writ together with a copy of the initial pleadings, if any, with the date and
hour of service endorsed thereon by me
__ to the defendant's spouse to – wit: _____ Kathy wife _____
__ at the defendant's usual place of abode with a person residing therein who is 15 years of age, or
older, to – wit: _____
and informing said person of their contents.

__ **CORPORATE**
By delivering a true copy of this writ together with a copy of the initial pleadings, if any, with the date and hour of
service endorsed thereon by me
__ To: _____ as _____
of _____ in the absence of any higher ranking
officer as defined in Florida Statute 48.081 (1).
__ To: _____, as registered agent of _____
according to Florida Statute 48.081 (3).
__ To: _____, as an employee of the within named
corporation at said corporation's place of business because service could not be made on the
registered agent for failure to comply with Chapter 48.091, thereby complying with Chapter
48.081 (3), Florida Statutes.

__ **POSTED RESIDENTIAL**
By attaching a true copy of this writ with the date and hour of service endorsed thereon by me together with a copy of
the complaint or petition, to a conspicuous place on the property described within after making two (2) attempts not
less than six (6) hours apart in that the tenant could not be found and there was no person residing therein, fifteen (15)
years of age or older whom service could be made, after the provisions as set forth in Chapter 48.183 (1), Florida
Statutes have been met.

__ **NOT FOUND**
By returning said writ unserved for the reason that after due diligence to locate the named person
could not be found in Sarasota County, Florida.

__ **OTHER**

OFFICIAL NOTARY SEAL
BETTY FREDDES
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. DD140943
MY COMMISSION EXP. AUG. 25 20

4/11/05

_____ WILLIAM F. BALKWILL _____ SHERIFF
_____ SARASOTA _____ COUNTY, FLORIDA
_____ Deputy Sheriff

SERVICE COST:  $ 35.00

COURT COPY

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.    A 2318

John A. Hirsch and Ronald W. Zolla,
individually and as officers, directors and
shareholders of ZHL, Inc. and ZHL, Inc. ........................, Plaintiff(s)

v.

Michael Lamensdorf and Kathy Lamensdorf,
individually and as shareholders of ZHL, Inc. ................., Defendant(s)

## SUMMONS

To the above named Defendant: Michael Lamensdorf

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

You are hereby summoned and required to serve upon ___Edward Foye of the law firm of Todd & Weld___ LI

plaintiff's attorney, whose address is ___28 State Street, Boston, MA  02109___ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

___Essex County___ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the
sixth    day of    April    , in the year of our Lord two thousand    five

*Thomas H. Driscoll Jr.*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _April 11_, 20 _05_, I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_5/5 on Kathy Lamendorf, wife
of Michael Lamendorf : Husband
was in w/ patient._
_K. Rosen #1109_

Dated: _4-11_, 20 _05_

N.B.    TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

_April 11_    .20 _05_

COMMONWEALTH OF
MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2004-02318-B

John A. Hirsch and Ronald W. Zolla,
Individually and as officers, directors
and shareholders of ZHL, Inc. and ZHL, Inc.

Plaintiff(s)

v.

Michael Lamensdorf and Kathy
Lamensdorf, Individually and as shareholders
of ZHL, Inc.

Defendant(s)

## SUMMONS
(Mass. R. Civ. P. 4)

**OFFICE OF CLERK OF COURTS**
**SALEM, MA**


EXHIBIT
D

The annexed paper is respectfully returned to you
for the reason checked below

**Thomas H. Driscoll, Jr.**
**Clerk of Courts/Magistrate**

The defendant has been defaulted for failure to file an
answer. Default must be removed before the annexed
paper can be filed.

A duplicate of the annexed paper is already on file.

...cket.

...el.

...sel.

RECEIVED
APR 14 2005

> 11(c

Re-Application for dismissal/judgment entered,
Motion to Vacate dismissal/judgment must be made
before this pleading can be filed.

Non Compliance with Rule 9A

No Compliance with Rule 9A (B) (4)

Case has been remanded to the District Court of
_____ on _____

The annexed paper is returned for the reason following

X 4/8/05 Judgment
of dismissal



## COMMONWEALTH OF MASSACHUSETTS

ESSEX, s.s.

SUPERIOR COURT
CIVIL ACTION NO. 2004-02318-B

```
                                        )
JOHN A. HIRSCH AND RONALD W. ZOLLA,     )
Individually and as officers, directors, and )
shareholders of ZHL, Inc. and ZHL, Inc.  )
                                        )
                Plaintiffs,             )
                                        )
v.                                      )
                                        )       ... ✓ ᵏ·∠ ·.
MICHAEL LAMENSDORF and                  )
KATHY LAMENSDORF, Individually and      )
as shareholders of ZHL, INC.,           )
                                        )
                Defendants.             )
                                        )
```

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

### Introduction

1.　　This complaint is brought by ZHL, Inc. ("ZHL"), through its majority

shareholders and directors of ZHL, Inc. ("ZHL"), John A. Hirsch and Ronald W. Zolla.

It concerns a proposed transaction in which ZHL intends to sell substantially all of its

assets for a profit to an unrelated third party. It is brought against the minority

shareholders Michael Lamensdorf ("Dr. Lamensdorf") and Kathy Lamensdorf ("Mrs.

Lamensdorf") (collectively, "the Lamensdorfs"), whose failure to agree to the proposed

transaction has created a controversy about the respective rights and obligations of the

parties.

### Parties

2.    John A. Hirsch ("Mr. Hirsch") is an individual residing at 20 Schooner Ridge, Marblehead, Essex County, Massachusetts 01945. Mr. Hirsch is an officer and director of ZHL.

3.    Ronald W. Zolla ("Mr. Zolla") is an individual residing at 15 Brookside Road, Topsfield, Essex County, Massachusetts 01983. Mr. Zolla is an officer and director of ZHL. He and Mr. Hirsch collectively own more than 80% of ZHL's issued and outstanding shares.

4.    ZHL, Inc., is a Massachusetts corporation that maintains its principal ⁓office at 17 Hawkes Street, Marblehead, Essex County, Massachusetts 01945.

5.    Dr. Lamensdorf, a minority shareholder in ZHL, is a licensed ophthalmologist who maintains a regular place of business at 1428 South Tamiami Trail, Sarasota, Florida 34239.

6.    Mrs. Lamensdorf, a minority shareholder in ZHL, maintains a regular place of business at 1428 South Tamiami Trail, Sarasota, Florida 34239.

### Jurisdiction and Venue

7.    Jurisdiction over the defendants exist under Mass. Gen. L. ch. 223A, § 3(a)-(d), inclusive, insofar as the defendants have established a persistent course of dealing with Massachusetts domiciliaries and have willingly assumed fiduciary duties to the plaintiffs through their ownership of stock in ZHL, a Massachusetts business corporation. Venue is appropriate under Mass. Gen. L. ch. 223, § 1.

2

## Facts

8.    Mr. Hirsch and Mr. Zolla are management consultants who have for over twenty (20) years specialized exclusively in the management of ophthalmology practices. Through Ophnet, Inc. ("Ophnet"), a company which they own and operate, they have worked for ophthalmology practices throughout the company.

9.    In 1995, Ophnet entered into a contract with Dr. Lamensdorf and his medical practice to provide management and strategic planning services. Thereafter, Ophnet in fact provided services which led to significant growth in the member of patients that the practice saw and the number of surgeries that the practice performed.

10.    In 1998, Dr. Lamensdorf, Mrs. Lamensdorf, Mr. Hirsch and Mr. Zolla jointly determined that the practice's surgical volume could support an ambulatory surgical center ("ASC"). Accordingly, the parties jointly agreed to build an ASC which would specialize in eye surgeries. To that end, they formed ZHL as a Massachusetts business corporation. Mr. Hirsch initially contributed $125,000 in capital to the corporation, Mr. Zolla contributed $125,000, and the Lamensdorfs together contributed $125,000. ZHL thereafter incurred more than $2 million in bank debt upon which all shareholders were personal guarantors.

11.    Soon thereafter, ZHL entered into a Management Agreement (hereinafter, "the ZHL Management Agreement") with Ophnet effective January 15, 1999 whereby Ophnet would oversee the construction of and provide management services to, the ASC.

12.    During the construction phase of the ASC, the Lamensdorfs claimed that they did not have sufficient funds to make the capital contributions necessary for the construction of the surgery center or to provide operating funds to permit ZHL to begin

3

conducting business activities. Accordingly, Mr. Hirsch and Mr. Zolla each individually agreed to and did loan ZHL $400,000. As detailed below, the Lamensdorfs for the next five years would steadfastly refuse to contribute further capital to ZHL, even when they were cause of the corporation's financial distress, and Mr. Hirsch and Mr. Zolla would be required to make a steady stream of capital infusions into ZHL.

13.     In mid-February 2002, Dr. Lamensdorf purported to terminate Ophnet's management services for his medical practice. A few months later, Dr. Lamensdorf abruptly removed his cases from the ASC, thereby causing ZHL substantial financial distress. Dr. Lamensdorf did so under the pretext that the ASC was not suitable facility for his surgeries, even though he was the medical director of the facility and in fact had taken an active role in designing the operating rooms.

14.     Shortly before pulling his cases from the ASC, Dr. Lamensdorf purported to terminate Ophnet's management contract with the ASC, as he had previously terminated Ophnet's contract with his medical practice. Those purported terminations lead to the litigation currently pending in the Superior Court for Essex County encaptioned Ophnet, Inc., et al. v. Lamensdorf, et al., No. 2-0419B ("the Ophnet damages litigation"). In that action, which remains pending, Ophnet asserts, inter alia, a substantial damages claim against ZHL for wrongful termination of the Management Agreement. Numerous other claims, including Dr. Lamensdorf's failure to pay monies due and owing under the purportedly terminated contracts, also remain pending.

15.     As a consequence of Dr. Lamensdorf's pulling his cases from the ASC, the facility has not turned a profit and indeed has required steady loans from Mr. Hirsch and Mr. Zolla in order to keep the facility operating and accredited. Most of those loans

4

have been used to pay the bank debt upon which the Lamensdorfs are personal guarantors.

16. In July, 2002, the shareholders of ZHL voted to authorize the issuance of additional treasury shares of stock and voted to sell of some of those shares to Mr. Hirsch and Mr. Zolla in return for the forgiveness of loans then outstanding. At that same time, Dr. Lamensdorf and Mrs. Lamensdorf were given the opportunity to purchase treasury stock from ZHL at the same price at which ZHL was selling that stock to Mr. Hirsch and Mr. Zolla. The Lamensdorfs refused. As a result of this transaction, the Lamensdorfs together now own less than thirteen percent (13%) of all ZHL stock now issued.

17. Recently, Mr. Hirsch and Mr. Zolla, on behalf of ZHL, entered into discussions with Global Surgical Partners, Inc. ("Global"), a company based in Florida, which seeks to buy the ASC. Thusfar, however, the Lamensdorfs have refused to provide their assent for the sale. Although the Lamensdorfs hold only a small minority of ZHL's shares, they have implicitly threatened litigation if the assets are sold insofar as their written communications have referred to their past grievances over the management of the ASC and conduct of the ongoing Ophnet damages litigation. On February 8, 2005, the parties signed a letter of intent which will, if and when Global makes a required deposit, provide Global with the right to purchase the ASC for just under $4 million.

18. ZHL at present intends to pay all loans now outstanding with the proceeds of any sales of Global, including loans which Mr. Hirsch and Mr. Zolla have advanced to the corporation to permit it to pay its bank loans. Although Dr. and Mrs. Lamensdorf are personal guarantors on those loans and although they have not contributed anything at all to the payment of the mortgage (other than their modest initial capital contribution), the

5

Lamensdorfs have indicated that any attempt to pay such shareholder loans will be
resisted.

### Count I
(Sale of Assets)

19.    This Court should determine that an actual controversy exists concerning
the rights, duties, and/or status of the parties, and declare that ZHL's intent to sell a
substantial portion of its assets, when formally voted upon by its Board of Directors and
ratified by an appropriate vote of its shareholders, will be binding and effective, thereby
ensuring that Mr. Hirsch, Mr. Zolla, ZHL and Global will not be subjected to further
litigation concerning the sale.

### Count II
(Payment of Debt)

20.    This Court should determine that an actual controversy exists concerning
the rights, duties, and/or status of the parties, and declare that ZHL's intent to pay its
currently outstanding debts from the proceeds of the sale to Global will, when formally
voted by its Board of Directors, constitute a reasonable exercise of business judgment by
Mr. Hirsch and Mr. Zolla in their capacity as directors such that those payments may go
forward in the ordinary course.

### Count III
(Distribution of Proceeds)

21.    The Lamensdorfs have made it known, directly and through their attorney,
that they expect ZHL to make a liquidating distribution to its shareholders. ZHL, for its
part, intends at present to consider other possible courses of action for the use of the
funds which the sale generates, including continuing the business of constructing

ambulatory surgery centers and maintaining some portion of the proceeds as a prudent reserve against future debts and liabilities.

22. This Court should determine that an actual controversy exists concerning the rights, duties, and/or status of the parties, and declare that ZHL's Board of Directors may, in the reasonable exercise of its business judgment, use the proceeds for purposes other than liquidating distributions.

WHEREFORE, the plaintiffs request that this Honorable Court:

A. Render the declaratory judgments requested in Counts I-III above; and

B. Grant whatever other or additional relief this Honorable Court deems just and reasonable under the circumstances.

Respectfully submitted,

JOHN A. HIRSCH and RONALD W. ZOLLA

By their Attorneys,

J. Owen Todd (BBO # 499480)
Edward Foye (BBO #562375)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
617-720-2626

Dated: April 6, 2005

7

MICHAEL LAMENSDORF

0001675-05

**TO BE SERVED**

RECEIPT NO.

0402318B

CASE NO.

1428 S TAMIAMI TR SARASOTA

**ADDRESS**

JOHN A HIRSCH & RONALD W ZOLLA ETC ET AL

DDS SLC

**PLAINTIFF – PETITIONER**

MICHAEL LAMENSDORF & KATHY LAMENSDORF ETC ET AL

COURT DATE

SUPERIOR/ESS

**DEFENDANT – RESPONDENT**

SUMMONS/AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

COURT

04.2318

**TYPE OF WRIT**

EDWARD FOYE ESQ
TODD & WELD LLP
28 STATE ST
BOSTON, MA  02109

A TRUE COPY

DEPUTY ASST. CLERK

**PLAINTIFF / ATTORNEY**

Received this writ on the _____ 7 TH _____ day of _____ APRIL _____ , 2005 and
served the same at _____ 11:40 ____ A ____ M on the _____ day
of ____ April _____ , 2005 in  SARASOTA _____ County, Florida as follows:

**INDIVIDUAL**
By delivering a true copy of this writ together with a copy of the initial pleadings, if any, with the date and
hour of service endorsed thereon by me to: (Person Served)
_____ .

**SUBSTITUTE**
By delivering a true copy of this writ together with a copy of the initial pleadings, if any, with the date and
hour of service endorsed thereon by me
to the defendant's spouse to – wit: ___ father, wife ___
at the defendant's usual place of abode with a person residing therein who is 15 years of age, or
older, to – wit: _____
and informing said person of their contents.

**CORPORATE**
By delivering a true copy of this writ together with a copy of the initial pleadings, if any, with the date and hour of
service endorsed thereon by me
To: _____ as _____
of _____ in the absence of any higher ranking
officer as defined in Florida Statute 48.081 (1).
To: _____ as registered agent of_____
_____ according to Florida Statute 48.081 (3).
To:_____ , as an employee of the within named
corporation at said corporation's place of business because service could not be made on the
registered agent for failure to comply with Chapter 48.091, thereby complying with Chapter
48.081 (3), Florida Statutes.

**POSTED RESIDENTIAL**
By attaching a true copy of this writ with the date and hour of service endorsed thereon by me together with a copy of
the complaint or petition, to a conspicuous place on the property described within after making two (2) attempts not
less than six (6) hours apart in that the tenant could not be found and there was no person residing therein, fifteen (15)
years of age or older whom service could be made, after the provisions as set forth in Chapter 48.183 (1), Florida
Statutes have been met.

**NOT FOUND**
By returning said writ unserved for the reason that after due diligence to locate the named person
could not be found in Sarasota County, Florida.

**OTHER**

4/11/05

OFFICIAL NOTARY SEAL
BETTY FREDDES
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. DD10943
MY COMMISSION EXP. AUG. 25, 2006

WILLIAM F. BALKWILL    SHERIFF
SARASOTA    COUNTY, FLORIDA

SERVICE COST:    $ 35.00

Deputy Sheriff

**COURT COPY**

KATHY LAMENSDORF                                                      0001675-05

| TO BE SERVED | RECEIPT NO. |
| | 0402318B |

1428 S TAMIAMI TR SARASOTA                                           CASE NO.

JOHN A HIRSCH & RONALD W ZOLLA ETC ET AL    ,,,00SS,,LC,
                                    ADDRESS

MICHAEL LAMENSDORF & KATHY LAMENSDORF ETC ET AL    | COURT DATE SUPERIOR/ESS |
                        PLAINTIFF - PETITIONER

SUMMONS/AMENDED COMPLAINT FOR DECLARATORY JUDGMENT    COURT
                    DEFENDANT - RESPONDENT

TYPE OF WRIT                                              04-2314

```
┌                                                              ┐
     EDWARD FOYE ESQ
     TODD & WELD LLP
     28 STATE ST
     BOSTON, MA  02109
└                                                              ┘
```

PLAINTIFF / ATTORNEY

Received this writ on the _____ 7 TH _____ day of _____ APRIL _____ 20 2005 and
served the same at _____ 11 - 40A M on the _____ day
of _____ , 20 05 in SARASOTA _____ County, Florida as follows:

__ **INDIVIDUAL**
By delivering a true copy of this writ together with a copy of the initial pleadings, if any, with the date and
hour of service endorsed thereon by me to: (Person Served)
_____ .

__ **SUBSTITUTE**
By delivering a true copy of this writ together with a copy of the initial pleadings, if any, with the date and
hour of service endorsed thereon by me
   __ to the defendant's spouse to – wit: _____
   __ at the defendant's usual place of abode with a person residing therein who is 15 years of age, or
      older, to – wit: _____
      and informing said person of their contents.

__ **CORPORATE**
By delivering a true copy of this writ together with a copy of the initial pleadings, if any, with the date and hour of
service endorsed thereon by me
   __ To: _____ as _____
      of _____ in the absence of any higher ranking
      officer as defined in Florida Statute 48.081 (1).
   __ To: _____ as registered agent of_____
      _____ according to Florida Statute 48.081 (3).
   __ To:_____ , as an employee of the within named
      corporation at said corporation's place of business because service could not be made on the
      registered agent for failure to comply with Chapter 48.091, thereby complying with Chapter
      48.081 (3), Florida Statutes.

__ **POSTED RESIDENTIAL**
By attaching a true copy of this writ with the date and hour of service endorsed thereon by me together with a copy of
the complaint or petition, to a conspicuous place on the property described within after making two (2) attempts not
less than six (6) hours apart in that the tenant could not be found and there was no person residing therein, fifteen (15)
years of age or older whom service could be made, after the provisions as set forth in Chapter 48.183 (1), Florida
Statutes have been met.

__ **NOT FOUND**
By returning said writ unserved for the reason that after due diligence to locate the named person
could not be found in Sarasota County, Florida.

__ **OTHER**

```
                                                    4/11/05
            OFFICIAL NOTARY SEAL
            BETTY FREDDES
            NOTARY PUBLIC STATE OF FLORIDA
            COMMISSION NO. DD140943
            MY COMMISSION EXP. AUG. 25,2006
                                    WILLIAM F, BALKWILL    SHERIFF
                                    SARASOTA        COUNTY, FLORIDA
```

SERVICE COST: _____ $ 35.00 _____ BY: _____    Deputy Sheriff

COURT COPY

## COMMONWEALTH OF MASSACHUSETTS

ESSEX COUNTY, ss

ESSEX SUPERIOR COURT
OF THE TRIAL COURT
CIVIL ACTION No. 2004-02318-B

JOHN A. HIRSCH and RONALD W.
ZOLLA, Individually and as officers,
directors, and shareholders of ZHL, Inc.,

Plaintiffs,

v.

MICHAEL LAMENSDORF and KATHY
LAMENSDORF, Individually and as
shareholders of ZHL, Inc.,

Defendants.

A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

## NOTICE OF FILING NOTICE OF REMOVAL

The Defendants, MICHAEL LAMENSDORF and KATHY LAMENSDORF, by and

through their undersigned attorney, file and serve this Notice that on the 2nd day of May, 2005,

Defendants filed a Notice of Removal of the above-captioned case from the Superior Court for

the Commonwealth of Massachusetts, Essex County, to the United States District Court for the

District of Massachusetts, to which Notice of Removal was attached a copy of the Complaint for

declaratory relief filed in this cause. A copy of the aforementioned Notice of Removal, without

exhibits, is attached hereto as Exhibit "A".

Respectfully submitted,

MICHAEL LAMENSDORF, MICHAEL
LAMENSDORF, M.D., P.C., BAYOU
JENNKAY, INC., and KATHY
LAMENSDORF

By their attorneys,

Brandon F. White, BBO# 525020
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

OF COUNSEL:
ABEL, BAND, RUSSELL, COLLIER,
PITCHFORD & GORDON, CHARTERED
Michael S. Taaffe (Fla. Bar No. 490318)
240 South Pineapple Avenue
Sarasota, Florida 34230-6948
(941) 366-6660
(941) 366-3999 (fax)

Dated: May 2, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2005, I have caused a copy of the foregoing
Notice of Filing Notice of Removal to be delivered by hand to:

Edward Foye, Esq.
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109

Matthew E. Miller

A TRUE COPY, ATTEST
DEPUTY ASST. CLERK

761035v.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN A. HIRSCH and RONALD W. ZOLLA, Individually and as officers, directors, and shareholders of ZHL, Inc.,<br><br>     Plaintiffs,<br><br>v.<br><br>MICHAEL LAMENSDORF and KATHY LAMENSDORF, Individually and as shareholders of ZHL, Inc.,<br><br>     Defendants. | *A true copy attest*<br>*/s/ L. Leo*<br>*DEPUTY ASST CLERK* |

## NOTICE OF REMOVAL

COME NOW, Defendants, DR. MICHAEL LAMENSDORF and KATHY

LAMENSDORF, by and through their undersigned counsel, and pursuant to 28 U.S.C. §§1441

and 1446, file and serve this Notice of Removal of this civil action from the Superior Court for

the Commonwealth of Massachusetts, Essex County, to the United States District Court for the

District of Massachusetts, and in support of the removal, the Defendants would state as follows:

## PRELIMINARY FACTS

1.      This is a civil action seeking declaratory relief. Plaintiffs bring this action

allegedly as majority shareholders of ZHL, Inc., a Massachusetts corporation. Plaintiffs assert in

their Complaint that this matter concerns a proposed transaction in which ZHL intends to sell

substantially all of its assets for a profit to an unrelated third party. Plaintiffs claim that

Defendants' failure to agree to the proposed transaction has created a controversy about the

respected rights and obligations of the parties. Interestingly, Plaintiffs filed the action despite the

fact that Plaintiffs failed to provide any information regarding the proposed sale to the minority

shareholder Defendants, the Lamensdorfs. At the same time, the Lamensdorfs filed an action in

761030v.1

the Circuit Court for the State of Florida, Sarasota Couty, and seek equitable and injunctive relief prohibiting any sale of the subject property due to improper self dealings exhibited by the Plaintiffs. The Circuit Court for Sarasota County, Florida is the proper forum for the action since the Circuit Court has in rem jurisdiction and may issue an Order affecting title to the property. Nevertheless, the Complaint filed by the Plaintiffs and which the Defendants seek to remove to federal court is proper for removal as the District Court for the District of Massachusetts has original jurisdiction since the matter is between citizens of different states and the amount in controversy exceeds the jurisdictional requirement of $75,000 since the subject property is valued in excess of said amount.

2.      Plaintiffs filed a civil action in the Superior Court for the Commonwealth of Massachusetts, Essex County, Case No. 2318 – B, in which DR. MICHAEL LAMENSDORF and KATHY LAMENSDORF, are named as Defendants.

3.      The Complaint is the first occasion when federal jurisdiction was alleged in the state court action in the Commonwealth of Massachusetts. Defendants were served and received the Complaint on April 11, 2005.

## FEDERAL JURISDICTION

4.      At all times material hereto Defendant, DR. MICHAEL LAMENSDORF, was and is a resident of Sarasota County, State of Florida.

5.      At all times material hereto Defendant, KATHY LAMENSDORF, was and is a resident of Sarasota County, State of Florida.

6.      This Honorable Court has jurisdiction of this cause pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441(b), since this is a civil action between citizens of different states and the amount in controversy is in excess of the jurisdictional requirement of $75,000.

## TIMELINESS OF REMOVAL

7.     This Notice of Removal is timely, as the Complaint was served and received on April 11, 2003, and is the first pleading which raises any ground for original federal jurisdiction. A copy of the Complaint filed in the state court proceedings, together with copies of the summonses served on Dr. Michael Lamensdorf and Kathy Lamensdorf, is attached hereto as Exhibit A.

## STATE COURT PLEADINGS

8.     Defendants have filed true and legible copies of all process, pleadings, orders or other papers or exhibits of every kind that have been filed in the state court action.

WHEREFORE, Defendants, DR. MICHAEL LAMENSDORF and KATHY LAMENSDORF, would respectfully request that this Court enter an Order removing this entire action from the Superior Court for the Commonwealth of Massachusetts, Essex County, to the United States District Court for the District of Massachusetts, for the grounds set forth above.

761030v.1

Respectfully submitted,

MICHAEL LAMENSDORF, MICHAEL
LAMENSDORF, M.D., P.C., BAYOU
JENNKAY, INC., and KATHY
LAMENSDORF

By their attorneys,

Brandon F. White, BBO# 525020
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

OF COUNSEL:
ABEL, BAND, RUSSELL, COLLIER,
PITCHFORD & GORDON, CHARTERED
Michael S. Taaffe (Fla. Bar No. 490318)
240 South Pineapple Avenue
Sarasota, Florida 34230-6948
(941) 366-6660
(941) 366-3999 (fax)

Dated: May 2, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2005, I have caused a copy of the foregoing
Notice of Removal to be delivered by hand to:

Edward Foye, Esq.
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109

Matthew E. Miller