UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN A. HIRSCH and RONALD W.
ZOLLA, Individually and as officers,
directors, and shareholders of ZHL, Inc., and
ZHL, Inc.

        Plaintiffs,

    v.

MICHAEL LAMENSDORF and KATHY
LAMENSDORF, Individually and as
shareholders of ZHL, Inc.,

        Defendants.

Civil Action No. 05-10902-DPW

## ASSENTED TO MOTION TO CORRECT CLERICAL ERROR IN CAPTION IN PAPERS SUBMITTED BY DEFENDANTS

Defendants Michael Lamensdorf and Kathy Lamensdorf (collectively "Defendants")

hereby move to correct a clerical error in the captions in papers submitted by Defendants in this

case.  Counsel for Defendants mistakenly failed to type the name "ZHL, Inc." as a party plaintiff

in the caption submitted with Defendants' Notice of Removal, Defendants' Memorandum in

Support of Notice of Removal, Defendants' Motion to Dismiss Plaintiffs' Complaint for

Declaratory Judgment or in the Alternative Motion to Stay Action, and Defendants'

Memorandum of Law in Support of Motion to Dismiss Plaintiffs' Complaint for Declaratory

Judgment or in the Alternative Motion to Stay Action.  A copy of Defendants' Notice of

Removal with a corrected caption is attached hereto at Exhibit A.  A copy of Defendants'

Memorandum in Support of Notice of Removal with a corrected caption is attached hereto at

Exhibit B.  A copy of  Defendants' Motion to Dismiss Plaintiffs' Complaint for Declaratory

Judgment or in the Alternative Motion to Stay Action ("Motion to Dismiss") with a corrected

caption is attached hereto at Exhibit C.  A copy of Defendants' Memorandum of Law in Support

of Motion to Dismiss with a corrected caption is attached hereto at Exhibit D.[1]  In support of

their Motion, Defendants submit the accompanying memorandum.

WHEREFORE, Defendants respectfully request that the Court allow Defendants to

correct the clerical error in the captions in the Notice of Removal, Memorandum in Support of

Notice of Removal, Motion to Dismiss Plaintiffs' Complaint for Declaratory Judgment or in the

Alternative Motion to Stay Action, and Defendants' Memorandum of Law in Support of Motion

to Dismiss Plaintiffs' Complaint for Declaratory Judgment or in the Alternative Motion to Stay

Action filed by Defendants.

---

[1]  While Defendants filed their Motion to Dismiss and Memorandum in Support of Motion to Dismiss electronically
with the Court, they filed the Notice of Removal and Memorandum in Support of the Notice of Removal in paper
form.  Defendants have therefore included in Exhibits A and B the stamped-received copies of the first page of
originally filed papers, immediately followed by the first page of each paper with the corrected caption.

Respectfully submitted,

MICHAEL LAMENSDORF and  KATHY
LAMENSDORF

By their attorneys,


_/s/ Matthew E. Miller_
Brandon F. White, BBO# 525020
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

OF COUNSEL:
ABEL, BAND, RUSSELL, COLLIER,
PITCHFORD & GORDON, CHARTERED
Michael S. Taaffe (Fla. Bar No. 490318)
240 South Pineapple Avenue
Sarasota, Florida  34230-6948
(941)  366-6660
(941)  366-3999 (fax)

Dated: May 26, 2005


## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(2)

I have conferred with counsel for plaintiffs regarding the above motion and he has

assented to its allowance.


_/s/ Matthew E. Miller_
Matthew E. Miller

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN A. HIRSCH and RONALD W.
ZOLLA, Individually and as officers,
directors, and shareholders of ZHL, Inc.,

Plaintiffs,

v.

MICHAEL LAMENSDORF and KATHY
LAMENSDORF, Individually and as
shareholders of ZHL, Inc.,

Defendants.

05 10902 DPW

RECEIPT # _____
AMOUNT $_____
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____ 5/3/2005

MAGISTRATE JUDGE JLA

## NOTICE OF REMOVAL

COME NOW, Defendants, DR. MICHAEL LAMENSDORF and KATHY

LAMENSDORF, by and through their undersigned counsel, and pursuant to 28 U.S.C. §§1441

and 1446, file and serve this Notice of Removal of this civil action from the Superior Court for

the Commonwealth of Massachusetts, Essex County, to the United States District Court for the

District of Massachusetts, and in support of the removal, the Defendants would state as follows:

## PRELIMINARY FACTS

1.       This is a civil action seeking declaratory relief. Plaintiffs bring this action

allegedly as majority shareholders of ZHL, Inc., a Massachusetts corporation. Plaintiffs assert in

their Complaint that this matter concerns a proposed transaction in which ZHL intends to sell

substantially all of its assets for a profit to an unrelated third party. Plaintiffs claim that

Defendants' failure to agree to the proposed transaction has created a controversy about the

respected rights and obligations of the parties. Interestingly, Plaintiffs filed the action despite the

fact that Plaintiffs failed to provide any information regarding the proposed sale to the minority

shareholder Defendants, the Lamensdorfs. At the same time, the Lamensdorfs filed an action in

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| |
|---|
| JOHN A. HIRSCH and RONALD W. ZOLLA, Individually and as officers, directors, and shareholders of ZHL, Inc., and ZHL, Inc.,<br><br>       Plaintiffs,<br><br>    v.<br><br>MICHAEL LAMENSDORF and KATHY LAMENSDORF, Individually and as shareholders of ZHL, Inc.,<br><br>       Defendants. |

## NOTICE OF REMOVAL

COME NOW, Defendants, DR. MICHAEL LAMENSDORF and KATHY

LAMENSDORF, by and through their undersigned counsel, and pursuant to 28 U.S.C. §§1441

and 1446, file and serve this Notice of Removal of this civil action from the Superior Court for

the Commonwealth of Massachusetts, Essex County, to the United States District Court for the

District of Massachusetts, and in support of the removal, the Defendants would state as follows:

## PRELIMINARY FACTS

1.     This is a civil action seeking declaratory relief.  Plaintiffs bring this action

allegedly as majority shareholders of ZHL, Inc., a Massachusetts corporation.  Plaintiffs assert in

their Complaint that this matter concerns a proposed transaction in which ZHL intends to sell

substantially all of its assets for a profit to an unrelated third party.  Plaintiffs claim that

Defendants' failure to agree to the proposed transaction has created a controversy about the

respected rights and obligations of the parties.  Interestingly, Plaintiffs filed the action despite the

fact that Plaintiffs failed to provide any information regarding the proposed sale to the minority

shareholder Defendants, the Lamensdorfs.  At the same time, the Lamensdorfs filed an action in

761030v.1

the Circuit Court for the State of Florida, Sarasota Couty, and seek equitable and injunctive relief prohibiting any sale of the subject property due to improper self dealings exhibited by the Plaintiffs. The Circuit Court for Sarasota County, Florida is the proper forum for the action since the Circuit Court has in rem jurisdiction and may issue an Order affecting title to the property. Nevertheless, the Complaint filed by the Plaintiffs and which the Defendants seek to remove to federal court is proper for removal as the District Court for the District of Massachusetts has original jurisdiction since the matter is between citizens of different states and the amount in controversy exceeds the jurisdictional requirement of $75,000 since the subject property is valued in excess of said amount.

2.     Plaintiffs filed a civil action in the Superior Court for the Commonwealth of Massachusetts, Essex County, Case No. 2318 – B, in which DR. MICHAEL LAMENSDORF and KATHY LAMENSDORF, are named as Defendants.

3.     The Complaint is the first occasion when federal jurisdiction was alleged in the state court action in the Commonwealth of Massachusetts. Defendants were served and received the Complaint on April 11, 2005.

## FEDERAL JURISDICTION

4.     At all times material hereto Defendant, DR. MICHAEL LAMENSDORF, was and is a resident of Sarasota County, State of Florida.

5.     At all times material hereto Defendant, KATHY LAMENSDORF, was and is a resident of Sarasota County, State of Florida.

6.     This Honorable Court has jurisdiction of this cause pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441(b), since this is a civil action between citizens of different states and the amount in controversy is in excess of the jurisdictional requirement of $75,000.

761030v.1

## TIMELINESS OF REMOVAL

7.    This Notice of Removal is timely, as the Complaint was served and received on April 11, 2003, and is the first pleading which raises any ground for original federal jurisdiction. A copy of the Complaint filed in the state court proceedings, together with copies of the summonses served on Dr. Michael Lamensdorf and Kathy Lamensdorf, is attached hereto as Exhibit A.

## STATE COURT PLEADINGS

8.    Defendants have filed true and legible copies of all process, pleadings, orders or other papers or exhibits of every kind that have been filed in the state court action.

WHEREFORE, Defendants, DR. MICHAEL LAMENSDORF and KATHY LAMENSDORF, would respectfully request that this Court enter an Order removing this entire action from the Superior Court for the Commonwealth of Massachusetts, Essex County, to the United States District Court for the District of Massachusetts, for the grounds set forth above.

Respectfully submitted,

MICHAEL LAMENSDORF, MICHAEL
LAMENSDORF, M.D., P.C., BAYOU
JENNKAY, INC., and KATHY
LAMENSDORF

By their attorneys,


Brandon F. White, BBO# 525020
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

OF COUNSEL:
ABEL, BAND, RUSSELL, COLLIER,
PITCHFORD & GORDON, CHARTERED
Michael S. Taaffe (Fla. Bar No. 490318)
240 South Pineapple Avenue
Sarasota, Florida 34230-6948
(941) 366-6660
(941) 366-3999 (fax)

Dated: May 2, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2005, I have caused a copy of the foregoing
Notice of Removal to be delivered by hand to:

Edward Foye, Esq.
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109


Matthew E. Miller

761030v.1



COMMONWEALTH OF MASSACHUSETTS

ESSEX, s.s.                                      SUPERIOR COURT
                                                CIVIL ACTION NO. 2004-02318-B

---

|                                                                    |     |
| ------------------------------------------------------------------ | --- |
| JOHN A. HIRSCH AND RONALD W. ZOLLA,                                | )   |
| Individually and as officers, directors, and                       | )   |
| shareholders of ZHL, Inc. and ZHL, Inc.                            | )   |
|                                                                    | )   |
|                        Plaintiffs,                                 | )   |
|                                                                    | )   |
| v.                                                                 | )   |
|                                                                    | )   |
| MICHAEL LAMENSDORF and                                             | )   |
| KATHY LAMENSDORF, Individually and                                 | )   |
| as shareholders of ZHL, INC.,                                      | )   |
|                                                                    | )   |
|                        Defendants.                                 | )   |

---

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

### Introduction

1.      This complaint is brought by ZHL, Inc. ("ZHL"), through its majority

shareholders and directors of ZHL, Inc. ("ZHL"), John A. Hirsch and Ronald W. Zolla.

It concerns a proposed transaction in which ZHL intends to sell substantially all of its

assets for a profit to an unrelated third party.  It is brought against the minority

shareholders Michael Lamensdorf ("Dr. Lamensdorf") and Kathy Lamensdorf ("Mrs.

Lamensdorf") (collectively, "the Lamensdorfs"), whose failure to agree to the proposed

transaction has created a controversy about the respective rights and obligations of the

parties.

**Parties**

2.      John A. Hirsch ("Mr. Hirsch") is an individual residing at 20 Schooner

Ridge, Marblehead, Essex County, Massachusetts 01945. Mr. Hirsch is an officer and

director of ZHL.

3.      Ronald W. Zolla ("Mr. Zolla") is an individual residing at 15 Brookside

Road, Topsfield, Essex County, Massachusetts 01983. Mr. Zolla is an officer and

director of ZHL. He and Mr. Hirsch collectively own more than 80% of ZHL's issued

and outstanding shares.

4.      ZHL, Inc., is a Massachusetts corporation that maintains its principal

office at 17 Hawkes Street, Marblehead, Essex County, Massachusetts 01945.

5.      Dr. Lamensdorf, a minority shareholder in ZHL, is a licensed

ophthalmologist who maintains a regular place of business at 1428 South Tamiami Trail,

Sarasota, Florida 34239.

6.      Mrs. Lamensdorf, a minority shareholder in ZHL, maintains a regular

place of business at 1428 South Tamiami Trail, Sarasota, Florida 34239.

**Jurisdiction and Venue**

7.      Jurisdiction over the defendants exist under Mass. Gen. L. ch. 223A,

§ 3(a)-(d), inclusive, insofar as the defendants have established a persistent course of

dealing with Massachusetts domiciliaries and have willingly assumed fiduciary duties to

the plaintiffs through their ownership of stock in ZHL, a Massachusetts business

corporation. Venue is appropriate under Mass. Gen. L. ch. 223, § 1.

## Facts

8.      Mr. Hirsch and Mr. Zolla are management consultants who have for over twenty (20) years specialized exclusively in the management of ophthalmology practices. Through Ophnet, Inc. ("Ophnet"), a company which they own and operate, they have worked for ophthalmology practices throughout the company.

9.      In 1995, Ophnet entered into a contract with Dr. Lamensdorf and his medical practice to provide management and strategic planning services. Thereafter, Ophnet in fact provided services which led to significant growth in the member of patients that the practice saw and the number of surgeries that the practice performed.

10.     In 1998, Dr. Lamensdorf, Mrs. Lamensdorf, Mr. Hirsch and Mr. Zolla jointly determined that the practice's surgical volume could support an ambulatory surgical center ("ASC"). Accordingly, the parties jointly agreed to build an ASC which would specialize in eye surgeries. To that end, they formed ZHL as a Massachusetts business corporation. Mr. Hirsch initially contributed $125,000 in capital to the corporation, Mr. Zolla contributed $125,000, and the Lamensdorfs together contributed $125,000. ZHL thereafter incurred more than $2 million in bank debt upon which all shareholders were personal guarantors.

11.     Soon thereafter, ZHL entered into a Management Agreement (hereinafter, "the ZHL Management Agreement") with Ophnet effective January 15, 1999 whereby Ophnet would oversee the construction of and provide management services to, the ASC.

12.     During the construction phase of the ASC, the Lamensdorfs claimed that they did not have sufficient funds to make the capital contributions necessary for the construction of the surgery center or to provide operating funds to permit ZHL to begin

3

conducting business activities. Accordingly, Mr. Hirsch and Mr. Zolla each individually agreed to and did loan ZHL $400,000. As detailed below, the Lamensdorfs for the next five years would steadfastly refuse to contribute further capital to ZHL, even when they were cause of the corporation's financial distress, and Mr. Hirsch and Mr. Zolla would be required to make a steady stream of capital infusions into ZHL.

13.     In mid-February 2002, Dr. Lamensdorf purported to terminate Ophnet's management services for his medical practice. A few months later, Dr. Lamensdorf abruptly removed his cases from the ASC, thereby causing ZHL substantial financial distress. Dr. Lamensdorf did so under the pretext that the ASC was not suitable facility for his surgeries, even though he was the medical director of the facility and in fact had taken an active role in designing the operating rooms.

14.     Shortly before pulling his cases from the ASC, Dr. Lamensdorf purported to terminate Ophnet's management contract with the ASC, as he had previously terminated Ophnet's contract with his medical practice. Those purported terminations lead to the litigation currently pending in the Superior Court for Essex County encaptioned Ophnet, Inc., et al. v. Lamensdorf, et al., No. 2-0419B ("the Ophnet damages litigation"). In that action, which remains pending, Ophnet asserts, inter alia, a substantial damages claim against ZHL for wrongful termination of the Management Agreement. Numerous other claims, including Dr. Lamensdorf's failure to pay monies due and owing under the purportedly terminated contracts, also remain pending.

15.     As a consequence of Dr. Lamensdorf's pulling his cases from the ASC, the facility has not turned a profit and indeed has required steady loans from Mr. Hirsch and Mr. Zolla in order to keep the facility operating and accredited. Most of those loans

4

have been used to pay the bank debt upon which the Lamensdorfs are personal guarantors.

16.    In July, 2002, the shareholders of ZHL voted to authorize the issuance of additional treasury shares of stock and voted to sell of some of those shares to Mr. Hirsch and Mr. Zolla in return for the forgiveness of loans then outstanding. At that same time, Dr. Lamensdorf and Mrs. Lamensdorf were given the opportunity to purchase treasury stock from ZHL at the same price at which ZHL was selling that stock to Mr. Hirsch and Mr. Zolla. The Lamensdorfs refused. As a result of this transaction, the Lamensdorfs together now own less than thirteen percent (13%) of all ZHL stock now issued.

17.    Recently, Mr. Hirsch and Mr. Zolla, on behalf of ZHL, entered into discussions with Global Surgical Partners, Inc. ("Global"), a company based in Florida, which seeks to buy the ASC. Thusfar, however, the Lamensdorfs have refused to provide their assent for the sale. Although the Lamensdorfs hold only a small minority of ZHL's shares, they have implicitly threatened litigation if the assets are sold insofar as their written communications have referred to their past grievances over the management of the ASC and conduct of the ongoing Ophnet damages litigation. On February 8, 2005, the parties signed a letter of intent which will, if and when Global makes a required deposit, provide Global with the right to purchase the ASC for just under $4 million.

18.    ZHL at present intends to pay all loans now outstanding with the proceeds of any sales of Global, including loans which Mr. Hirsch and Mr. Zolla have advanced to the corporation to permit it to pay its bank loans. Although Dr. and Mrs. Lamensdorf are personal guarantors on those loans and although they have not contributed anything at all to the payment of the mortgage (other than their modest initial capital contribution), the

Lamensdorfs have indicated that any attempt to pay such shareholder loans will be resisted.

## Count I
### (Sale of Assets)

19.     This Court should determine that an actual controversy exists concerning the rights, duties, and/or status of the parties, and declare that ZHL's intent to sell a substantial portion of its assets, when formally voted upon by its Board of Directors and ratified by an appropriate vote of its shareholders, will be binding and effective, thereby ensuring that Mr. Hirsch, Mr. Zolla, ZHL and Global will not be subjected to further litigation concerning the sale.

## Count II
### (Payment of Debt)

20.     This Court should determine that an actual controversy exists concerning the rights, duties, and/or status of the parties, and declare that ZHL's intent to pay its currently outstanding debts from the proceeds of the sale to Global will, when formally voted by its Board of Directors, constitute a reasonable exercise of business judgment by Mr. Hirsch and Mr. Zolla in their capacity as directors such that those payments may go forward in the ordinary course.

## Count III
### (Distribution of Proceeds)

21.     The Lamensdorfs have made it known, directly and through their attorney, that they expect ZHL to make a liquidating distribution to its shareholders. ZHL, for its part, intends at present to consider other possible courses of action for the use of the funds which the sale generates, including continuing the business of constructing

6

ambulatory surgery centers and maintaining some portion of the proceeds as a prudent reserve against future debts and liabilities.

22.    This Court should determine that an actual controversy exists concerning the rights, duties, and/or status of the parties, and declare that ZHL's Board of Directors may, in the reasonable exercise of its business judgment, use the proceeds for purposes other than liquidating distributions.

WHEREFORE, the plaintiffs request that this Honorable Court:

A.    Render the declaratory judgments requested in Counts I-III above; and

B.    Grant whatever other or additional relief this Honorable Court deems just and reasonable under the circumstances.

Respectfully submitted,

JOHN A. HIRSCH and RONALD W. ZOLLA

By their Attorneys,

J. Owen Todd (BBO # 499480)
Edward Foye (BBO #562375)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA  02109
617-720-2626

Dated: April 6, 2005

7

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

**B**

SUPERIOR COURT
CIVIL ACTION
No.   A 2318

John A. Hirsch and Ronald W. Zolla,
individually and as officers, directors and
shareholders of ZHL, Inc. and ZHL, Inc.
............................................................................ , Plaintiff(s)

v.

Michael Lamensdorf and Kathy Lamensdorf,
individually and as shareholders of ZHL, Inc.
............................................................................ , Defendant(s)

RECEIVED
05 APR 7 AM 9 30

## SUMMONS

To the above named Defendant:  Michael Lamensdorf

You are hereby summoned and required to serve upon  Edward Foye of the law firm of Todd & Weld  LI

plaintiff's attorney, whose address is  28 State Street, Boston, MA  02109  , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

  Essex County  either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the
  sixth  day of  April  , in the year of our Lord two thousand  five

*Thomas H. Driscoll Jr.*

*Clerk*

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT  - MOTOR VEHICLE TORT -
CONTRACT  - EQUITABLE RELIEF  - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

<div style="margin-left:3em">

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. A 2318

John A. Hirsch and Ronald W. Zolla, Individu___ ___
as officers, directors and shareholders of ZH1, Inc.
and...ZHL,...Inc.................................................................................., Plaintiff(s)

v.

Michael Lamensdorf and Kathy Lamensdorf, individually and
as shareholders of ZHL, Inc.
....................................................................................., Defendant(s)

RECEIVED 05 APR 7 AM 9 30

## SUMMONS

To the above named Defendant:    Kathy Lamensdorf

You are hereby summoned and required to serve upon  Edward Foye of the law firm of Todd & Weld , LL

plaintiff's attorney, whose address is   28 State Street, Boston, MA 02109            , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Essex County          either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the
sixth  day of   April          , in the year of our Lord two thousand  five

*Thomas H. Driscoll Jr.*
Clerk

</div>

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

<div style="writing-mode:vertical">
NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.
</div>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN A. HIRSCH and RONALD W.
ZOLLA, Individually and as officers,
directors, and shareholders of ZHL, Inc.,

        Plaintiffs,

        v.

MICHAEL LAMENSDORF and KATHY
LAMENSDORF, Individually and as
shareholders of ZHL, Inc.,

        Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF NOTICE OF REMOVAL

COME NOW, Defendants, DR. MICHAEL LAMENSDORF and KATHY

LAMENSDORF, by and through their undersigned trial counsel, and hereby file and serve

this Memorandum of Law in Support of their Notice of Removal. In support thereof,

Defendants would state as follows:

### STATEMENT OF THE CASE AND FACTS

The instant suit is a civil action which includes a claim for declaratory relief. Per the

allegations contained in the Complaint filed in State Court in the Commonwealth of

Massachusetts, Plaintiffs, John Hirsch and Ronald Zolla, brought the instant action as

majority shareholders of ZHL, Inc., a Massachusetts corporation. Plaintiffs originally filed

the Complaint in December of 2004, yet failed to perfect service of process on the

Defendants within the requisite one hundred twenty (120) day time period allowed for

service of process of a complaint pursuant to applicable Massachusetts rules of procedure.

761013v.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN A. HIRSCH and RONALD W.
ZOLLA, Individually and as officers,
directors, and shareholders of ZHL, Inc., and
ZHL, Inc.,

        Plaintiffs,

    v.

MICHAEL LAMENSDORF and KATHY
LAMENSDORF, Individually and as
shareholders of ZHL, Inc.,

        Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF NOTICE OF REMOVAL

COME NOW, Defendants, DR. MICHAEL LAMENSDORF and KATHY

LAMENSDORF, by and through their undersigned trial counsel, and hereby file and serve

this Memorandum of Law in Support of their Notice of Removal.  In support thereof,

Defendants would state as follows:

### STATEMENT OF THE CASE AND FACTS

The instant suit is a civil action which includes a claim for declaratory relief.  Per the

allegations contained in the Complaint filed in State Court in the Commonwealth of

Massachusetts, Plaintiffs, John Hirsch and Ronald Zolla, brought the instant action as

majority shareholders of ZHL, Inc., a Massachusetts corporation.  Plaintiffs originally filed

the Complaint in December of 2004, yet failed to perfect service of process on the

Defendants within the requisite one hundred twenty (120) day time period allowed for

service of process of a complaint pursuant to applicable Massachusetts rules of procedure.

761013v.1

The court for the Commonwealth of Massachusetts subsequently dismissed the Complaint

for failure to serve process and the matter was properly dismissed. In the interim,

Defendants, Michael and Kathy Lamensdorf, filed an equitable action in the state of Florida

seeking injunctive relief, the appointment of a receiver and the imposition of a constructive

trust. The basis for the claims asserted by the Lamensdorfs stem from the Plaintiffs, Hirsch

and Zolla's, improper self dealings and attempts to sell corporate property to the detriment of

the Defendants. Subsequent to the service of process of the complaint filed by the

Lamensdorfs in the state of Florida, Plaintiffs motioned the Commonwealth of

Massachusetts to set aside its Order of Dismissal without any notice to the Defendants. The

Court set aside the Order but not to the prejudice of the Defendants and noted that the

Defendants may address the issue when properly served with process. Plaintiffs finally

served the Defendants with process on April 11, 2005. The Complaint filed by the Plaintiffs

is proper for removal since there exists a complete diversity of citizenship and because the

property at issue in the Complaint, is valued in excess of the jurisdictional requirement of

seventy five thousand dollars ($75,000.00). This is the first opportunity Defendants have

had to remove this matter to federal court since they were served with the Complaint and

learned of the Complaint for the first time on April 11, 2005.

<div align="center">FEDERAL COURT JURISDICTION</div>

This Court has jurisdiction of this case pursuant to 28 U.S.C. 1332 and 28 U.S.C.

§1441(b), which state in part as follows:

"§1332. Diversity of Citizenship; amount in controversy; costs

(a) The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, and costs, and is between –
(1) citizens of different states;

§1441. Actions removable generally.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The Complaint filed herein is proper for removal to the District Court for the District

of Massachusetts since none of the Defendants are citizens of Massachusetts and since there

exists complete diversity between the parties. Furthermore, this action satisfies the amount

in controversy requirement for federal court jurisdiction since the property at issue is valued

in excess of $75,000. This Honorable Court therefore has original jurisdiction of this civil

action.

## REMOVAL

This is an action which may properly be removed to this Court pursuant to 28 U.S.C.

§1441 which states in pertinent part as follows:

"Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the district courts of the United States has original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . "

Given that this action is one over which the United States District Court for the

District of Massachusetts would have original jurisdiction, this case may properly be

removed by Defendants pursuant to 28 U.S.C. §1446(a) which provides:

"A defendant or defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the district court of the United States for the district and division within which such action is pending a Notice of Removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action."

In the instant suit, the Defendants have filed a Notice which complies with 28 U.S.C. §1446(a), in that it sets forth facts that show that this Court has original jurisdiction and that this case is subject to removal. Additionally, attached to that Notice is a copy of all process, pleadings and orders served upon Defendants in the state court action.

### TIMELINESS OF REMOVAL

28 U.S.C. §1446(b) requires that a Notice of Removal in a civil action or proceeding shall be filed within thirty (30) days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. While the Plaintiffs originally filed the Complaint in December of 2004, Defendants possessed no such knowledge of the filing of any pleading or the initiation of any action against them until the service of the Complaint on them on April 11, 2005. Thus, the Notice of Removal has been filed less than thirty (30) days from service of the Complaint.

WHEREFORE, Defendants, MICHAEL LAMENSDORF AND KATHY LAMENSDORF, respectfully request this Honorable Court enter its Order removing Case No. 2318 B from the Superior Court for the Commonwealth of Massachusetts, Essex County, in its entirety, to the United States District Court for the District of Massachusetts.

761013v.1

Respectfully submitted,

MICHAEL LAMENSDORF,
MICHAEL LAMENSDORF, M.D.,
P.C., BAYOU JENNKAY, INC., and
KATHY LAMENSDORF

By their attorneys,

Brandon F. White, BBO# 525020
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

OF COUNSEL:
ABEL, BAND, RUSSELL, COLLIER,
PITCHFORD & GORDON,
CHARTERED
Michael S. Taaffe (Fla. Bar No.
490318)
240 South Pineapple Avenue
Sarasota, Florida  34230-6948
(941) 366-6660
(941) 366-3999 (fax)

Dated: May 2, 2005

761013v.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2005, I have caused a copy of the foregoing Memorandum of law in Support of Notice of Removal to be delivered by hand to:

Edward Foye, Esq.
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109

Matthew E. Miller

761013v.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN A. HIRSCH and RONALD W.
ZOLLA, Individually and as officers,
directors, and shareholders of ZHL, Inc., and
ZHL, Inc.,

        Plaintiffs,

    v.

MICHAEL LAMENSDORF and KATHY
LAMENSDORF, Individually and as
shareholders of ZHL, Inc.,

        Defendants.

Civil Acton No. 05-cv-10902-DPW

**ORAL ARGUMENT REQUESTED**

**DEFENDANTS DR. MICHAEL LAMENSDORF'S AND KATHY LAMENSDORF'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY
JUDGMENT, OR IN THE ALTERNATIVE, MOTION TO STAY ACTION**

COME NOW, Defendants, DR. MICHAEL LAMENSDORF and KATHY

LAMENSDORF, by and through their undersigned counsel, and pursuant to Rule 12(b), Federal

Rules of Civil Procedure, hereby submit their Motion to Dismiss Plaintiffs' Complaint for

Declaratory Judgment" and "Defendants' Memorandum of Law in Support of Defendants'

Motion to Dismiss Plaintiffs' Complaint", under separate cover, and in support thereof state as

follows:

    1.    This is a civil action seeking declaratory relief.  Plaintiffs, John A. Hirsch and

Ronald W. Zolla, bring this action as officers, directors and shareholders of ZHL, Inc., a

Massachusetts corporation.  In addition, ZHL brings this action as the owner of certain real

property located in Sarasota County, Florida.  Plaintiffs are represented by the same counsel,

Messrs. J. Owen Todd and Edward Foye, of the law firm of Todd & Weld.  Plaintiffs assert in

their Complaint that this matter concerns a proposed transaction in which ZHL intends to sell

substantially all of its assets for a profit to an unrelated third party.  Plaintiffs claim that

Defendants' failure to agree to the proposed transaction has created a controversy about the

respected rights and obligations of the parties.  Interestingly, Plaintiffs filed the action despite the

fact that Plaintiffs failed to provide any information regarding the proposed sale to the minority

shareholder Defendants, the Lamensdorfs.

2.      Plaintiffs originally filed the Complaint in state court in December of 2004, yet

failed to perfect service of process on the Defendants within the requisite one hundred twenty

(120) day time period allowed for service of process of a complaint pursuant to applicable

Massachusetts rules of civil procedure.  The court for the Commonwealth of Massachusetts

subsequently dismissed the Complaint for failure to serve process and the matter was properly

dismissed.  On or about March 28, 2005, the Lamensdorfs filed an action in the Circuit Court for

the State of Florida, Sarasota County, and sought equitable and injunctive relief prohibiting any

sale of the subject property due to improper self dealings exhibited by the Plaintiffs.  The Circuit

Court for Sarasota County, Florida is the proper forum for the action since the Circuit Court has

in rem jurisdiction over the subject property and may issue an Order affecting title to the

property.

3.      The basis for the claims asserted by the Lamensdorfs in the Florida State Court

action stem from the Plaintiffs, Hirsch and Zolla's, improper self dealings and attempts to sell

corporate property to the detriment of the Defendants.  The Lamensdorfs served their Complaint

for equitable relief on ZHL's registered agent, William Hirsch, CPA, on April 6, 2005.

Subsequent to the service of process on Mr. William Hirsch in the Florida action, Plaintiffs

motioned the state court to set aside its Order of Dismissal without any notice to the Defendants.

The Court set aside the Order but not to the prejudice of the Defendants and noted that the

Defendants may address the issue when properly served with process. Plaintiffs finally served the Defendants with process on April 11, 2005. Since complete diversity existed among the parties and the value of the property at issue was above $75,000, the Lamensdorfs exercised their procedural right to remove this matter to this Honorable Court. As such, the Lamensdorfs have not waived any right to have the state court's decision reconsidered since this is the first opportunity the Lamensdorfs have had to respond to same.

4.      The Order of Dismissal in the proceeding before the Superior Court for the Commonwealth of Massachusetts was properly entered and the Order should not have been set aside. The Court specifically reserved the right to have said argument heard subsequent to service of the Complaint on the Lamensdorfs. Since the Dismissal was proper, the Florida State Court action was filed first and therefore this action should further be dismissed based on the "principle of priority" which rests not only upon comity between courts of concurrent jurisdiction (even though this court is without jurisdiction to entertain this matter), but also upon wisdom and justice, including the prevention of unnecessary litigation and a multiplicity of suits.

5.      As additional grounds for the dismissal, the Lamensdorfs state that Plaintiff's Complaint should be dismissed, or in the alternative stayed, because of the parallel state court proceedings in Florida. The Plaintiffs' Complaint should be dismissed or stayed irrespective of whether this Court finds that this action was filed prior to the Florida state court action after considering the circumstances surrounding the Order of Dismissal entered by the Superior Court. Specifically, this Court should order dismissal or a stay of this action because this Court is an inconvenient forum, because this Court can avoid piecemeal litigation by ordering dismissal or a stay of this action, and because the property at issue is located in Sarasota County, Florida. For the same reasons, even if this Court finds that a dismissal or stay of the action is improper,

Defendants move in the alternative for a transfer of venue to Florida under the theory of forum non-conveniens. Nevertheless, Plaintiffs' filing of an arguably duplicative action with this Court creates a multiplicity of actions, wastes judicial resources, and burdens the litigation process.

6.      Defendants submit that based on the foregoing reasons, this matter should be dismissed, or in the alternative stayed, due to the fact that Plaintiffs' Complaint fails to state a cause of action for which relief can be granted and since this Court lacks in rem jurisdiction over the property in question. In addition, this Court should dismiss or stay this action since the action pending in Florida state court was filed prior to the Complaint in this action since the Order of Dismissal should not have been set aside since Plaintiffs clearly failed to serve process on the Defendants within the requisite time period. In addition, even if this Court finds that the setting aside of the Order of Dismissal was proper, this Court should dismiss this action, or in the alternative stay, since Florida is a more convenient location and since the subject property is located in the jurisdiction of the Florida state court. Finally, as an alternative to the foregoing, if this Court finds that a dismissal or stay of this action is improper, Defendants respectfully request this Court enter an Order transferring venue to Florida given that same is a more convenient forum.

7.      In further support of this Motion, Defendants submit the accompanying Memorandum.

WHEREFORE, Defendants, DR. MICHAEL LAMENSDORF and KATHY

LAMENSDORF, respectfully request that this Court enter an Order Dismissing Plaintiffs'

Complaint, or in the alternative staying the Complaint, for the grounds set forth above and as

outline in the Memorandum of Law filed in support.  In the event this Court finds that a

dismissal or stay of this action is improper, Defendants respectfully request this Court transfer

this matter to Florida under the theory of forum non-conveniens.

## REQUEST FOR ORAL ARGUMENT

Defendants respectfully request oral argument on the foregoing motion pursuant to Local

Rule 7.1(D).

Respectfully submitted,

MICHAEL LAMENSDORF, MICHAEL
LAMENSDORF, M.D., P.C., BAYOU
JENNKAY, INC., and  KATHY
LAMENSDORF

By their attorneys,


/s/ Matthew E. Miller
Brandon F. White, BBO# 525020
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

OF COUNSEL:
ABEL, BAND, RUSSELL, COLLIER,
PITCHFORD & GORDON, CHARTERED
Michael S. Taaffe (Fla. Bar No. 490318)
240 South Pineapple Avenue
Sarasota, Florida  34230-6948
(941)  366-6660
(941)  366-3999 (fax)

Dated: May 9, 2005

762445v.1

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)</u>

I, Matthew E. Miller, one of the attorneys for Michael Lamensdorf and Kathy Lamensdorf, state that on May 9, 2005, counsel for defendants conferred with counsel for plaintiffs John A. Hirsch and Ronald W. Zolla, and counsel were unable to resolve the issues raised in the foregoing Motion.

<u>/s/  Matthew E. Miller</u>
Matthew E. Miller (BBO# 655544)

762445v.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN A. HIRSCH and RONALD W.
ZOLLA, Individually and as officers,
directors, and shareholders of ZHL, Inc., and
ZHL, Inc.,

        Plaintiffs,

    v.

MICHAEL LAMENSDORF and KATHY
LAMENSDORF, Individually and as
shareholders of ZHL, Inc.,

        Defendants.

Civil Acton No. 05-cv-10902-DPW

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS', DR. MICHAEL LAMENSDORF AND KATHY LAMENSDORF, MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT, OR IN THE ALTERNATIVE, MOTION TO STAY ACTION

Defendants, DR. MICHAEL LAMENSDORF and KATHY LAMENSDORF, file and serve this "Memorandum of Law in Support of Defendants', Dr. Michael Lamensdorf and Kathy Lamensdorf, Motion to Dismiss Plaintiffs' Complaint for Declaratory Judgment, or in the Alternative, Motion to Stay Action" (hereafter the "Motion").

## INTRODUCTION

As discussed in Defendants' Motion, DR. MICHAEL LAMENSDORF and KATHY LAMENSDORF, move to dismiss, or in the alternative stay, Plaintiffs' Complaint because: (i) this Court lacks in rem jurisdiction over the subject property; (ii) the Florida state court action was filed prior to the Complaint in this action since the Order of Dismissal should not have been set aside since and Plaintiffs clearly failed to serve process on the Defendants within the requisite time period; (iii) even if this Court finds that the setting aside of the Order of Dismissal was proper, Florida is a more convenient location since the subject property is located in the

jurisdiction of the Florida state court; and (iv) in the alternative, this matter should be transferred

to Florida as an alternative to the foregoing under the theory of forum non conveniens.

I.    This Court lacks in rem jurisdiction over property located in the state of Florida.

The essence of Plaintiffs action against the Defendants is simply that Plaintiffs seek an

Order of this Court declaring their entitlement to sell property owned by ZHL.  The relief

requested is improper since the Plaintiffs seek an Order affecting title to realty located in the

jurisdiction of the Florida courts.  An Order affecting title to realty in the state of Florida

required a court to have in rem jurisdiction over the subject property.

In Farley v. Farley, 790 So.2d 574 (Fla. 4th DCA 2001), the appellate court determined

that a Colorado decree was not entitled to full faith and credit in the State of Florida because it

constituted an in rem judgment, directly affecting the title to realty in another state, and therefore

was entered without jurisdiction.  Accordingly, the entry by this Court of an Order affecting title

to realty in the State of Florida would be without jurisdiction and improper.

II.    The Florida State Court action was filed first and Florida is a more convenient
       location for this dispute.

Plaintiffs originally filed the Complaint in December of 2004, yet failed to perfect service

of process on the Defendants within the requisite one hundred twenty (120) day time period

allowed for service of process of a complaint pursuant to applicable Massachusetts rules of

procedure.  The court for the Commonwealth of Massachusetts subsequently dismissed the

Complaint for failure to serve process and the matter was properly dismissed.  On or about

March 28, 2005, the Lamensdorfs filed an action in the Circuit Court for the State of Florida,

Sarasota County, and sought equitable and injunctive relief prohibiting any sale of the subject

property due to improper self dealings exhibited by the Plaintiffs.  The Lamensdorfs had their

Complaint for equitable relief served on ZHL's registered agent, William Hirsch, CPA, on April

6, 2005. Subsequent to the service of process on Mr. William Hirsch in the Florida action, Plaintiffs motioned the state court to set aside its Order of Dismissal without any notice to the Defendants. The Court set aside the Order but not to the prejudice of the Defendants and noted that the Defendants may address the issue when properly served with process. Plaintiffs finally served the Defendants with process on April 11, 2005. Since the Complaint filed by the Plaintiffs was proper for removal, the Lamensdorfs exercised their procedural right to remove this matter to this Honorable Court. As such, the Lamensdorfs have not waived any right to have the state court's decision reconsidered since this is the first opportunity the Lamensdorfs have had to respond to same. As such, under the principle of priority, this court should resort to the jurisdiction of the Florida state court. See Bedingfield v. Bedingfield, 417 So.2d 1047, 1050 (Fla. 4th DCA 1982).

At the same time, Plaintiff's Complaint should be dismissed, or in the alternative stayed, because of parallel state court proceedings in Florida. Specifically, this Court should order dismissal or a stay of this action because this Court is an inconvenient forum, because this Court can avoid piecemeal litigation by ordering dismissal or a stay of this action, and because the Florida state court first assumed jurisdiction over the controversy. Further, Plaintiffs' filing of an arguably duplicative action with this Court creates a multiplicity of actions, wastes judicial resources, and burdens the litigation process.

It is well settled that a district court is under no compulsion to exercise its jurisdiction where the controversy may be settled more expeditiously in state court. Brillhart v. Excess Ins. Co., 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). In Brillhart, the Court explained that "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting

the same issues, not governed by federal law." <u>Id.</u> at 494, 62 S.Ct., at 1175.  The Supreme Court thus indicated that federal court deference to pending state proceedings is appropriate in certain circumstances.  <u>Id.</u>  Where another suit involving the same parties and providing the opportunity for "ventilation of the same state law issues" is pending in state court, a district court might be "indulging in gratuitous interference" if it permitted the federal action to proceed.  <u>Id.</u>

Plaintiffs seek relief in this action and an Order allowing the sale of property located in Florida and which is already the subject of a lawsuit currently pending before the state court in Florida.  The circumstances surrounding the dispute are similar and relevant in determining the parties' entitlement to the subject property.  Allowing Plaintiffs to proceed in this action would burden the litigation process and thwart the policy of judicial economy in that the parties will have to litigate in two separate forums while the issues litigated will be nearly identical.  Plaintiffs' claims, if any, are compulsory counterclaims in the pending Florida state court action between.

Federal courts should abstain from proceeding when state court litigation is pending.  <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and <u>Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.</u>, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).  Upon a showing of exceptional circumstances, federal courts should defer to the state courts for resolution of the issues.  <u>Id.</u>  In citing <u>Colorado River</u>, 424 U.S. at 818-19, the Court in <u>Moses H. Cone</u>, declared that "the decision whether to stay or dismiss a federal action on grounds of wise judicial administration does not rest on a mechanical checklist, but on a careful balancing of the important factors (the location of property involved in the litigation, inconvenience of the federal forum, avoidance of piecemeal litigation, and the

order in which the concurrent forums obtained jurisdiction) relevant to the decision as they apply in a given case." Moses H. Cone, 460 U.S. at

In this case, the subject property is located in the county where the Florida state court proceeding is taking place. As such, this federal forum is clearly inconvenient. First, in property actions, the proper forum is where the property is located. In contract actions, which is what formed the basis of the parties' original dispute, the "proper forum" is where "negotiations forming the contract between the parties occurred." New England Machinery, 827 F. Supp. 732, 734-35 (M.D.Fla. 1993); accord Citizens Mortgage Corp. v. Investors Mortgage Ins. Co., 706 F. Supp. 819, 824 (M.D. Fla. 1989) (transferring insurance dispute to forum where "[v]irtually all the negotiations and dealings" occurred). In this case, the contract was formed in Florida.

Furthermore, Plaintiffs are claiming that Defendants engaged in a series of deceitful acts and fraud. It is well-settled that fraud claims, such as those at issue here, are deemed to "occur" in the district where the alleged misrepresentations or omissions were purportedly transmitted or withheld. Hutchens v. Bill Heard Chevrolet Co., 928 F. Supp. 1089, 1091 (M.D.Ala. 1996). In this case, Plaintiffs allege that Defendants committed fraud in the negotiations of the contract and the execution of their performance of the contract. (Complaint ¶ 28-125). Since the contract was negotiated in Florida, the alleged misrepresentations and omissions could only have occurred in those districts.

The next factor is the avoidance of piecemeal litigation. Moses H. Cone, 460 U.S. at 2. Plaintiffs are not seeking relief in federal court based on federal law or anything requiring multi-forum litigation. Rather, Plaintiffs are seeking relief for claims which directly relate to the title to the realty at issue.

The final factor discussed in <u>Moses H. Cone</u> is the order in which the concurrent forums obtained jurisdiction.  As previously argued, the Order of Dismissal entered by the Superior Court should not have been set aside.  This Court should thus dismiss or, in the alternative, stay this action pending resolution of the Florida state court proceeding.  In the alternative to same, this Court should transfer the matter to Florida under the theory of forum non-convenience since the subject property is located in Florida.

Respectfully submitted,

MICHAEL LAMENSDORF, MICHAEL LAMENSDORF, M.D., P.C., BAYOU JENNKAY, INC., and KATHY LAMENSDORF

By their attorneys,

<u>/s/ Matthew E. Miller</u>
Brandon F. White, BBO# 525020
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

OF COUNSEL:
ABEL, BAND, RUSSELL, COLLIER, PITCHFORD & GORDON, CHARTERED
Michael S. Taaffe (Fla. Bar No. 490318)
240 South Pineapple Avenue
Sarasota, Florida  34230-6948
(941)  366-6660
(941)  366-3999 (fax)

Dated: May 9, 2005