UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN A. HIRSCH and RONALD W. ZOLLA, Individually and as officers, directors, and shareholders of ZHL, Inc., and ZHL, Inc.<br><br>        Plaintiffs,<br><br>        v.<br><br>MICHAEL LAMENSDORF and KATHY LAMENSDORF, Individually and as shareholders of ZHL, Inc.,<br><br>        Defendants. | Civil Action No. 05-10902-DPW |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1447**

Plaintiffs John A. Hirsch, Ronald W. Zolla and ZHL, Inc. (collectively "Plaintiffs") have moved for an award of attorneys' fees in connection with their Motion to Remand, arguing that such an award is appropriate because it is "crystal clear" that ZHL's principle place of business is in Florida, and thus complete diversity is lacking. Plaintiffs, however, fail to inform the Court that they have previously alleged in pleadings filed with this Court and the Massachusetts state court that ZHL's principal place of business is located in Massachusetts. Moreover, Plaintiffs' basis for arguing that ZHL's principal place of business is in Florida is fundamentally flawed, as they ignore the principle that whether diversity jurisdiction exists is determined at the time the action is removed. At the time this action was filed, and removed shortly thereafter, ZHL conducted no revenue-generating activity in Florida, employed no full-time employees in Florida, and indeed conducted no day-to-day activities in Florida, all of which is evident from examining Plaintiffs' Consolidated Memorandum in Support of Their (i) Motion to Remand and (ii) Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1447 ("Plaintiffs' Memorandum"), and

the Affidavit of John A. Hirsch submitted therewith in support.  Therefore, not only should Plaintiffs' attempt to remand this case be rejected by this Court, but Plaintiffs' request for attorneys' fees must be denied as well.

## ARGUMENT

Plaintiffs assert incorrectly that they are entitled to attorneys' fees and costs pursuant to 28 U.S.C. § 1447 because, in their view, it is "crystal clear" that ZHL's principle place of business is in Florida, and therefore complete diversity between plaintiff ZHL and the two defendants, both residents of Florida, is lacking.  A "court may award attorney's fees when a party acts in bad faith, wantonly, vexatiously, or for oppressive reason." FlexCon Co., Inc. v. Ramirez Commercial Arts, Inc.,  (D. Mass. 2002) (declining to grant fees and costs in case removed to federal court where there was no evidence "that the defendant sought removal in bad faith or for oppressive reasons.").   Awarding fees and costs under 28 U.S.C. § 1447 is inappropriate where there is a "reasonable basis" for removal.  See Gattegno v. Sprint Corp., 297 F.Supp. 2d 372, 378 (D. Mass. 2003).

A reasonable basis for the removal of this case not only exists, but there is in fact complete diversity among the parties.  As discussed in greater detail in Defendants' Opposition to Plaintiffs' Motion to Remand ("Opposition"), Plaintiffs have consistently alleged to this Court and to the Massachusetts state court that ZHL's principal place of business is in Massachusetts. See Second Amended Complaint, ¶10, attached as Ex. A to Opposition ("ZHL is a Massachusetts business corporation duly formed and registered under the laws of the Commonwealth, and maintains its principal place of business at 17 Hawkes Street, Marblehead, Massachusetts."); Amended Complaint for Declaratory Judgment, ¶4 ("ZHL, Inc., is a Massachusetts corporation that maintains its principal office at 17 Hawkes Street, Marblehead, Essex County, Massachusetts 01945." ).  Plaintiffs offer no justification for the contradiction

between these prior representations to this Court and the state court on the one hand, and the argument they make now in their Motion to Remand on the other. Plaintiffs' rhetoric notwithstanding, the only thing "crystal clear" about their representations as to ZHL's principal place of business is that they will change to suit Plaintiffs' desire to avoid federal court.

In addition, even ignoring Plaintiffs' prior representations as to ZHL's residence, Plaintiffs' argument that ZHL's principal place of is located in Florida is fundamentally flawed. "In deciding a motion to remand, the court looks to the citizenship of the parties on the date the complaint was filed to determine whether if complete diversity exists." See Glazer & Assocs. v. Teleport, Inc., 2001 U.S. Dist. LEXIS 22830 at *3-4 (D. Or. 2001) (citing Smith v. Sperling, 354 U.S. 91, 93, n.1 (1957)). Plaintiffs' Memorandum makes clear that at the time the Amended Complaint was filed and removed shortly thereafter, ZHL conducted no activities generating any revenue in Florida, no surgeries were performed at the surgery center ZHL owns, and ZHL employed no full time personnel in Florida. See e.g. Plaintiffs' Memorandum at 6-7 (noting "no doctors currently perform surgery at [ZHL's surgery center] on a regular basis"); Affidavit of John A. Hirsch at ¶10 (noting "there are no surgeries being performed at [ZHL's surgery center] on a regular basis," and stating that ZHL no longer employs any full-time personnel). In short, at the time the action was filed and removed, ZHL conducted virtually no business whatsoever in Florida. Rather, ZHL's primary activities take place in its Massachusetts office, wherein the company manages its financial affairs and assets.

Given Plaintiffs' prior representations that ZHL's principal place of business is in Massachusetts, and the fact that ZHL presently conducts no business nor virtually any day-to- activities in Florida, ZHL's principal place of business must be determined to be Massachusetts. However, even if the Court were to find that complete diversity is lacking, the Court should deny

- 3 -

Plaintiffs Motion for Attorneys Fees as there existed a reasonable basis for removal at the time the Notice of Removal was filed.  See Gattegno, 297 F.Supp. 2d at 378.  First, in removing this case to federal court, Defendants relied on Plaintiffs' allegations that ZHL's "principle place of business" and "principle office" was located in Massachusetts.  Second, as noted above, ZHL currently conducts no business in Florida, and thus Defendants had a reasonable basis to assert that ZHL's principle place of business was located, as Plaintiffs have consistently alleged, in Massachusetts.

Finally, Plaintiffs' assertion of bad faith on the part of Defendants is not only incorrect, but inappropriate in light of Plaintiffs' failure to reconcile their prior contradictory representations concerning ZHL's principal place of business.  In their Memorandum, Plaintiffs contend that Defendants acted in bad faith to somehow conceal the presence of ZHL in the lawsuit because ZHL was omitted from the caption in Defendants Notice of Removal and Memorandum in Support.  Plaintiffs' argument is without basis, as evidenced by their full acceptance of the explanation of the clerical mistake which resulted in ZHL's omission from the caption, and their assent to Defendants Motion to Correct Clerical Error in Caption in Papers Submitted by Defendants.  Plaintiffs also suggest Defendants acted in bad faith in removing this action because ZHL's residence is not expressly set forth in the Notice of Removal or Memorandum in Support.  Plaintiffs' contention misses the mark.  The Notice of Removal does not specify each plaintiffs' residence individually, but rather states that all Plaintiffs reside in Massachusetts for purposes of diversity jurisdiction, and attaches the Amended Complaint for Declaratory Judgment wherein Plaintiffs allege that ZHL's "principal office [is located at] at 17 Hawkes Street, Marblehead, Essex County, Massachusetts."  See Amended Complaint, ¶4.

- 5 -

Thus, Plaintiffs' suggestion of bad faith on the part of Defendants is wholly without merit, and their Motion for Attorneys' Fees must be denied.

    WHEREFORE, Defendants respectfully request that the Court deny Plaintiffs' Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1447.

                                        MICHAEL LAMENSDORF and  KATHY LAMENSDORF

                                        By their attorneys,

*/s/  Matthew E. Miller*
Brandon F. White, BBO# 525020
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

OF COUNSEL:
ABEL, BAND, RUSSELL, COLLIER, PITCHFORD & GORDON, CHARTERED
Michael S. Taaffe (Fla. Bar No. 490318)
240 South Pineapple Avenue
Sarasota, Florida  34230-6948
(941)  366-6660
(941)  366-3999 (fax)

Dated: June 6, 2005