UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN A. HIRSCH and RONALD W.
ZOLLA, Individually and as officers,
directors, and shareholders of ZHL, Inc., and
ZHL, Inc.,

      Plaintiffs,

v.

MICHAEL LAMENSDORF and KATHY
LAMENSDORF, Individually and as
shareholders of ZHL, Inc.,

      Defendants.

CIVIL ACTION NO. 0510902-DPW

## PLAINTIFFS' PROPOSED DISCOVERY SCHEDULE

The plaintiffs herewith submit their proposed discovery schedule pursuant to the Court's May 13, 2005 Scheduling Order. The plaintiffs are unable to comply with the Court's Order to submit a joint statement due to the defendants' unilateral refusal to cooperate in the process of drafting such a statement. See Exhibit A.

1. **Plaintiffs' Introductory Statement**

This matter concerns (i) the sale of substantially all of the assets of ZHL, Inc. and (ii) ZHL's disposition of the proceeds. Specifically, certain purchasers propose to buy a currently vacant ambulatory surgery center ("ASC") in Sarasota, Florida for $3.85 million.[1]

---

[1] At the time the plaintiffs brought their complaint, a letter of intent had been signed which incorporated the $3.85 million purchase price. That letter of intent has now expired on its terms, but the purchasers have expressed continuing interest in the purchase. Thus, the case is not now moot, but it could soon become so.

Astonishingly, the Lamensdorfs (minority shareholders who are personal guarantors of over $1 million in ZHL bank debt), appear poised to object to the sale.

The plaintiffs contend that there is no meaningful possibility that the Lamensdorfs can show that the payment of $3.85 million is inadequate. Due to the potentially bifurcated nature of the proceeding, the plaintiffs believe that phased discovery is appropriate. In Phase One, all discovery should focus on whether the sale may go forward (to ensure that the prospective purchaser is not dissuaded from the purchase by incessant delay). In Phase Two, discovery may extend to the issue of what ZHL may permissibly do with the sale proceeds.

2.  **Plaintiffs' Proposed Discovery Plan**

The plaintiffs do not intend to conduct any discovery in the Phase One of the proceeding. The defendants' Phase One discovery should be limited to (i) one Request for Production of Documents consisting of no more than ten categories of requests to be served no later than July 25, 2005; (ii) one set of Interrogatories consisting of no more than 5 interrogatories, subparts included; and (iii) no more than 6 hours of depositions, such depositions limited to party witnesses. Under no circumstances should the defendants' Phase One discovery be permitted to range beyond the issue of the appropriate valuation of the surgery center.

If the defendants conclude that the evidence so warrants, they may file a motion for a preliminary injunction to restrain the sale of the ambulatory surgery center **no later than** September 15, 2005. If such a motion is filed, the Court shall set it for hearing as expeditiously as possible and set a reasonable briefing schedule for a response. If no such motion is filed, defendants shall be deemed to have waived their right to object to the sale and discovery will proceed immediately to Phase Two.

Phase Two of discovery should encompass all other issues remaining in the case, including ZHL's disposition of the funds. The Court should limit discovery as follows:

    a.    All fact discovery shall be concluded by November 30, 2005. Each side shall be limited to one (1) additional request for production of documents and one (1) set of interrogatories, not to exceed ten (10) in number. Each party shall be limited to no more than eight (8) additional hours of depositions.

    b.    Both parties shall disclose any proposed expert testimony no later than December 15, 2005. Any rebuttal expert disclosures shall be made no later than January 2, 2006. Any dispositive motions shall be filed by January 30, 2006. A status conference and pre-trial conference shall take place on February 15, 2006 or as soon thereafter as the Court's calendar permits.

Nothing in the foregoing should be construed as a promise by the plaintiffs to maintain the status quo pending the outcome of these proceedings, and to the contrary the plaintiffs explicitly reserve their right to exercise reasonable business judgment in connection with the sale and disposition of ZHL's assets as changing circumstances warrant, with appropriate notice to the defendants and subject to the ultimate authority of this Court over the propriety of their actions.

**3.**     <u>**Certification of Counsel and Parties**</u>

Certification by the parties and counsel pursuant to Local Rule 16.1(D)(3) shall be filed separately.

Respectfully submitted,

OPHNET, INC., JOHN A. HIRSCH,
RONALD W. ZOLLA, and KENNETH CRAM

By their Attorneys,


/s/ Edward Foye
J. Owen Todd (BBO # 499480)
Edward Foye (BBO #562375)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
617-720-2626

Dated: July 8, 2005

# Exhibit A



# ABEL|BAND®
## ATTORNEYS AND COUNSELORS AT LAW

Mailing Address: P.O. Box 49948, Sarasota, FL 34230-6948

240 South Pineapple Avenue
Sarasota, FL 34236
TEL 941-366-6660
FAX 941-366-3999

WWW.ABELBAND.COM

Joseph A. Tsombanidis
Writer's Direct Line: (941) 364-2717
Direct E-mail: jtsombanidis@abelband.com
Please refer to our file number: 8468-5

## FACSIMILE COVER PAGE

**Date:** July 7, 2005

**Person being called:** Edward Foye, Esq.

**Number called:** 617-227-5777

**City/State called:** Boston, MA

**Document being sent:** Correspondence

**Number of pages (including this page):** 3

**Comments:** cc: Ian McLoughlin, Esq. – 617-832-7000

THIS FACSIMILE CONTAINS **PRIVILEGED AND CONFIDENTIAL** INFORMATION INTENDED ONLY FOR THE USE OF THE ADDRESSEE(S) NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE **IMMEDIATELY** NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT OUR MAIN OFFICE ADDRESS VIA U.S. MAIL. THANK YOU.

SARASOTA, FLORIDA | VENICE, FLORIDA | DENVER, COLORADO

**ABEL, BAND, RUSSELL, COLLIER, PITCHFORD & GORDON, CHARTERED**

773045v.1



# ABEL BAND®
ATTORNEYS AND COUNSELORS AT LAW

Mailing Address: P.O. Box 49948, Sarasota, FL 34230-6948

240 South Pineapple Avenue
Sarasota, FL 34236
TEL 941-366-6660
FAX 941-366-3999

WWW.ABELBAND.COM

Michael S. Taaffe
Board Certified Business Litigation Attorney
Writer's Direct Line: (941) 364-2720
Direct E-mail: mtaaffe@abelband.com
Please refer to our file number: 8468-5

July 7, 2005

**BY FACSIMILE**

Edward Foye, Esq.
Todd & Weld, LLP
28 State Street, 31st Floor
Boston, MA 02109

Re: *Hirsch, et al., v. Lamensdorf, et al.;* Civil Action No. 05-10902-DPW
*Ophnet, Inc., et al., v. Lamensdorf, et al.;* Civil Action No. 05-10970-DPW

Dear Mr. Foye:

As you are aware, the purpose of the parties' proposed pre-trial schedules is to advise the Judge of the parties' best estimates of the amounts of time they will need to accomplish specified pre-trial steps. With respect to the Joint Statement containing said schedule as contemplated by Local Rule 16.1(d), you are aware that we have been unable to reach an agreement on a proposed pre-trial schedule. While the parties have proposed different deadlines for a pre-trial schedule, including the filing of motions, the Plaintiffs' proposed Joint Statement includes arguments which exceed the scope of Local Rule 16.1 and its stated purpose. Plaintiffs' proposed discovery plan includes misstatements and arguments that are unrelated to the purpose of the Joint Statement and should not be included therein. While the parties were unable to agree on a pre-trial schedule, the Plaintiffs' recommended proposal contains language that should be presented to the Court in the form of a motion or memorandum, rather than be included in a Joint Statement to the Court which should propose best estimates of the amounts of time the parties need to accomplish specified pre-trial steps.

Accordingly, since you mentioned that you will file a separate Statement due to the fact that we were unable to agree on the contents of a Joint Statement, we will likewise file a separate Statement with the Court and will advise the Court of a discovery plan scheduling the time and length for all discovery events and a proposed schedule for the filing of motions. Any argument

SARASOTA, FLORIDA | VENICE, FLORIDA | DENVER, COLORADO

**ABEL, BAND, RUSSELL, COLLIER, PITCHFORD & GORDON, CHARTERED**

773264v.1

Edward Foye, Esq.
July 7, 2005
Page 2

beyond the nature of the differences in the pre-trial schedules should be submitted in a separate filing.

Thank you for your attention to the foregoing. Should you have any questions or concerns, please feel free to contact me.

Sincerely,

ABEL, BAND, RUSSELL, COLLIER,
PITCHFORD & GORDON, CHARTERED

Michael S. Taaffe

MST:gkv

cc: Ian McLoughlin, Esq., Foley Hoag, LLP

773264v.1

TOTAL P.03

# TODD & WELD LLP

ATTORNEYS AT LAW
28 STATE STREET
BOSTON, MASSACHUSETTS 02109

EDWARD FOYE

TELEPHONE: (617) 720-2626
FACSIMILE:  (617) 227-5777
www.toddweld.com

July 7, 2005

**BY FAX**

Michael S. Taaffe, Esq.
Abel, Band, Russell, Collier, Pitchford & Gordon
240 South Pineapple Avenue
Sarasota, FL  34236

    Re:    **Ophnet, Inc., et al. v. Lamensdorf, et al.**
             Civil Action No. 05-10970-DPW

             **Hirsch, et al. v. Lamensdorf**
             Civil Action No. 05-10902-DPW

Dear Mr. Taaffe:

     I received your facsimile letter at 4:30 this afternoon informing me for the first time that you refuse to submit a Joint Statement to the Court, despite the Court's order to do so.

     The proposed Joint Statements that Mr. Tsombanides and I negotiated clearly labels the defendants' submissions and the plaintiffs' submissions. The Joint Statement in the 10970 case in fact accurately reflects each and every correction Mr. Tsombanides provided to me before abruptly withdrawing his assent.

     To the extent that you find the plaintiffs' submissions unacceptable, you are certainly at liberty to say so in the Joint Statement. In fact, argument is typically made in Joint Statements in this district: each side argues for its own proposed discovery schedule. If there is something inappropriate about my submissions, that is a matter for Judge Woodlock and not for you.

Michael S. Taaffe, Esq.
July 7, 2005
Page 2

      Since you appear no more ready to cooperate in this process than you were at this time yesterday, however, obviously there is nothing I can do but to protect my clients' rights by filing my own proposed discovery schedule.

Yours very truly,

Edward Foye

EF/jml
cc:  John A. Hirsch
      Ronald W. Zolla
      Ian J. McLoughlin, Esq. (By Fax)

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                    0574
CONNECTION TEL                      919413663999
SUBADDRESS
CONNECTION ID
ST. TIME                    07/07 17:44
USAGE T                     01'48
PGS. SENT                   3
RESULT                      OK
```

# TODD & WELD LLP

Attorneys at Law
28 State Street, 31st Floor
Boston, Massachusetts 02109

Telephone: (617) 720-2626
Facsimile: (617) 227-5777

**TELECOPY TRANSMITTAL SHEET**

**EDWARD FOYE**

No. of Pages Sent: ~~3~~ (including this page) *3*

Date:       July 7, 2005

To:         Michael S. Taaffe, Esq.

Fax No.:    **941-366-3999**

From:       Edward Foye, Esq.

**Re:**     **Hirsch/Lamensdorf**

If you do not receive all of the pages, or if any part is illegible, please call Joanie Lineman at 617-720-2626.

THIS TRANSMITTAL IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS TRANSMITTAL IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE TRANSMITTAL TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF

```
                         ************************
                         ***    TX REPORT     ***
                         ************************

       TRANSMISSION OK

       TX/RX NO                 0575
       CONNECTION TEL                       916178327000
       SUBADDRESS
       CONNECTION ID
       ST. TIME                 07/07 17:46
       USAGE T                  01'19
       PGS. SENT                3
       RESULT                   OK
```

# TODD & WELD LLP

Attorneys at Law
28 State Street, 31st Floor
Boston, Massachusetts 02109

Telephone: (617) 720-2626
Facsimile: (617) 227-5777

*EDWARD FOYE*

## TELECOPY TRANSMITTAL SHEET

No. of Pages Sent: ~~4~~ (including this page) 3

| | |
|---|---|
| Date: | July 7, 2005 |
| To: | Ian J. McLoughlin, Esq. |
| Fax No.: | **617-832-7000** |
| From: | Edward Foye, Esq. |
| Re: | **Hirsch/Lamensdorf** |

If you do not receive all of the pages, or if any part is illegible, please call Joanie Lineman at (617) 720-2626.

THIS TRANSMITTAL IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS TRANSMITTAL IS NOT THE