UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN A. HIRSCH AND RONALD W. ZOLLA, Individually and as officers, directors, and shareholders of ZHL, Inc. and ZHL, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL LAMENSDORF and KATHY LAMENSDORF, Individually and as shareholders of ZHL, INC.,<br><br>Defendants. | Civil Action<br>No. 05-10902-DPW |

**PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD
CONCERNING DEFENDANTS' MOTION TO STAY**
**(Memorandum Incorporated; Supplemental Material Attached)**

The plaintiffs in this matter herewith move to supplement the record on the Defendants' Motion to Dismiss or Stay. Specifically, the plaintiffs seek to submit the Florida court decision attached hereto as Exhibit A which stays the parallel civil proceeding in that state. In support of their motion, the plaintiffs state:

1. The primary contention which the defendants make in their Motion to Dismiss or Stay is that this Court should not exercise its jurisdiction in deference to a parallel proceeding which the defendants filed in the Circuit Court for Sarasota County.

2. A Magistrate Judge in Florida, however, determined that the opposite should occur: that Florida should defer to the first-filed Massachusetts action. See Ex. A. Indeed, under Florida law, that Court is clearly obliged to stay its hand in deference to a previously filed action pending in another jurisdiction involving many of

the same parties and issues. See, e.g., Florida Crushed Stone v. Travelers Indem. Co., 632 So. 2d 217 (Fla. App. 1994).

3. Pursuant to Rule 1.490(h) of the Florida Rules, the Magistrate Judge's recommendations will presumptively be the basis for a final order of the court.

4. Obviously, this Court cannot logically stay its hand in deference to a court which has ordered that the parallel suit not go forward.

5. Due to the nature of this motion, no separate memorandum of law is submitted.

WHEREFORE, the plaintiffs respectfully move to supplement the record with the decision attached hereto as Exhibit A.

Respectfully submitted,

JOHN A. HIRSCH, RONALD W. ZOLLA, and ZHL, INC.

By their Attorneys,

/s/ Edward Foye
J. Owen Todd (BBO # 499480)
Edward Foye (BBO #562375)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
617-720-2626

Dated: July 8, 2005

### Certificate of Compliance with L.R. 7.1

I, Edward Foye, state that I conferred with Ian McLoughlin, attorney for the defendants, about the matters raised in the foregoing motion on July 8, 2005.

/s/ Edward Foye
Edward Foye (BBO #562375)

2

# EXHIBIT A

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

DR. MICHAEL LAMENSDORF, in
his capacity as shareholder of ZHL,
INC., a Massachusetts corporation, and
KATHY LAMENSDORF, in her
Capacity as a shareholder of ZHL, INC.,

    Plaintiffs,

vs.                         CASE NO. 2005 CA 2997 NC

ZHL, INC., a Massachusetts corporation,
RONALD W. ZOLLA, in his capacity as
Shareholder of ZHL, INC., JOHN A. HIRSCH,
In his capacity as shareholder of ZHL, INC.,
and GLOBAL SURGICAL PARTNERS, INC.,
a Florida corporation,

    Defendants.
_____/

## RECOMMENDED ORDER OF MAGISTRATE

This cause came on for hearing before Magistrate Deborah A. Bailey, on June 23, 2005, on the **Defendant ZHL's Motion to Abate or Stay and to Dismiss**. The Magistrate has jurisdiction pursuant to Rule 1.490 of the Florida Rules of Civil Procedure. Being fully advised in the premises, the Magistrate reports as follows:

    1. The issue for determination is whether or not the Magistrate should recommend the instant lawsuit be stayed or abated pending the outcome of two previously and separately filed lawsuits involving the Lamensdorfs, ZHL, Inc., Zolla and Hirsch in the Commonwealth of Massachusetts.

    2. Extensive record materials filed in this case indicate that in February 2002, Ophnet, Inc., Hirsch, Zolla and Kenneth Cram filed suit against the Michael and Kathy Lamensdorf, Michael Lamensdorf, M.D., P.C. Bayou JennKay, Inc., and ZHL, Inc. (the "First Massachusetts action"). The Second Amended Complaint contains causes of action for, *inter alia*, breach of contract, breach of fiduciary duty, fraud and tortious interference with business relations.

    3. In June 2003, the Lamensdorfs filed an Answer, Affirmative Defenses and a six-count Counterclaim in the First Massachusetts action. The Counterclaim contains

1

claims for breach of contract, breach of fiduciary duties, fraudulent inducement, negligent misrepresentation, and an accounting.

4. The First Massachusetts action has been removed to federal court, and trial is scheduled for October 2005.

5. In December 2004, Hirsch and Zolla, individually and as shareholders, officers and directors of ZHL, Inc., filed a second suit in Massachusetts against the Lamensdorfs, individually and as shareholders of ZHL, Inc. (the "Second Massachusetts action"). The second suit is a declaratory judgment action, which seeks a declaration of rights as between the shareholders regarding: (a) sale of a substantial portion of ZHL's assets (*i.e.*, sale of an ambulatory eye surgery center in Sarasota, Florida); (b) payment of ZHL debt, including large loans owed to Hirsch and Zolla; and (c) the distribution of any excess proceeds from the sale of ZHL's assets.

6. The Lamensdorfs recently removed the Second Massachusetts action to federal court, where it remains pending and has been assigned to the same federal judge as the First Massachusetts action.

7. Subsequent to the filing of the Second Massachusetts action, the Lamensdorfs, in their capacities as shareholders of ZHL, Inc., filed the instant suit against ZHL, Zolla, Hirsch, and Global Surgical Partners. The Complaint details the facts underpinning the relationships between the Lamensdorfs and Zolla and Hirsh with regard to the formation of ZHL, Inc., the involvement of Ophnet with both Dr. Lamensdorf's medical practice and the ambulatory eye surgery center, and the subsequent breakdown in relations between the various parties. The Complaint also recounts the particulars of each of the cases pending in Massachusetts. (*See* ¶'s 13 through 95 of Complaint)

8. Specifically, the Lamensdorfs claim that despite the ongoing litigation in Massachusetts, this Court has jurisdiction because the property they seek to protect (the ambulatory eye surgery center) is located in Florida, and the Massachusetts court is without jurisdiction to render a decree affecting the title to Florida realty. (*See* ¶'s 94-95 of Complaint)

9. The Lamensdorfs' Complaint seeks relief as follows: Count I – an injunction to prevent the Defendants from taking any action affecting title to the ambulatory eye surgery center until the Massachusetts litigation is resolved; Count II – appointment of a receiver to preserve the value of the subject property until the Massachusetts litigation is resolved; and Count III – imposition of a constructive trust on any proceeds realized by ZHL from the sale of the ambulatory eye surgery center.

10. The pendency of a prior suit in a federal court constitutes grounds to suspend or stay a later-filed case in state court that involves the same parties and the same or substantially similar issues. *See Florida Crushed Stone Co. v. Travelers Indem. Co.*, 632 So. 2d 217 (Fla. 5th DCA 1994); *Koehlke Components, Inc. v. South East Connectors, Inc.*, 456 So. 2d 554 (Fla. 3d DCA 1984).

2

11. "The causes of action do not have to be identical; it is sufficient that the two actions involve a single set of facts and that resolution of one of the case will resolve many of the issues involved in the subsequently filed case." *Florida Crushed Stone*, 632 So. 2d at 220; *see also National American Ins. Co. v. Charlotte County*, 611 So. 2d 1284 (Fla. 2d DCA 1992); *State v. Harbour Island, Inc.*, 601 So. 2d 1334, 1335 (Fla. 2d DCA 1992) ("While the two cases are not identical, the disposition of the federal case will resolve many of the issues raised in the state action.").

12. The Magistrate rejects the Lamensdorfs' argument that the instant action was filed prior to the Second Massachusetts action due to dismissal of that case. Documents attached to the affidavit of Edward Foye, Esq., establish that an Amended Complaint had been filed prior to the Massachusetts court's dismissal and, consequently, the dismissal was vacated in the interests of justice.

13. The Magistrate also rejects the Lamensdorfs' reliance on *Farley v. Farley*, 790 So. 2d 574 (Fla. 4th DCA 2001), for the proposition that there is no basis for jurisdiction in Massachusetts because the property at issue is located in Florida. The Lamensdorfs argue that only Florida has *in rem* jurisdiction to enter an order affecting title to property.

14. Unlike *Farley*, in the Second Massachusetts action, ZHL has not asked the court to enter an order directing that the property be partitioned and the proceeds divided in a certain manner. Rather, Count I of the Complaint for Declaratory Judgment seeks a determination that "ZHL's intent to sell a substantial portion of its assets, when formally voted upon by its Board of Directors and ratified by an appropriate vote of its shareholders, will be binding and effective . . . ." Similarly, Count II seeks a declaration that "ZHL's intent to pay its currently outstanding debts from the proceeds of the sale to Global will, when formally voted by its Board of Directors, constitute a reasonable exercise of business judgment" by Hirsch and Zolla in their capacity as directors.

15. The Magistrate finds that the instant lawsuit involves the same parties and issues that are the same or substantially similar to those already raised in the two pending cases in Massachusetts. The Lamensdorfs, as well as Hirsch and Zolla, are named as parties in all three suits. At issue in each suit are the interrelationships of these four persons as a result of their business dealings through ZHL, Inc., the entity in which each is a shareholder. The same agreements are at issue; the same fiduciary duties are alleged to have been breached. Indeed, the Lamendsorfs, in the instant suit, have asked that this Court grant equitable relief pending the outcome of the Massachusetts litigation, thereby implicitly recognizing the priority of that litigation.

16. There is no risk of undue prejudicial delay in the First Massachusetts action, as it is set for trial in October 2005, and extensive discovery has already taken place. Moreover, the Lamensdorfs have freely availed themselves of the Massachusetts forum by filing a six-count counterclaim in that action, including a claim for an accounting of the parties' respective shareholder interests in ZHL. Moreover, the Lamensdorfs have

presented no reasons why they cannot move for injunctive or other equitable relief (*e.g.*, appointment of a receiver) in either of the Massachusetts actions in order to protect ZHL's assets pending the outcome of that litigation.

17. Based on the above findings and in accordance with prevailing case law, the Magistrate finds that the Court should exercise its discretion in this case to stay the instant action until the Massachusetts litigation is resolved.

Based upon the above-stated findings, the Magistrate submits the following Recommended Order for approval by the Court:

### Recommended Order

1. The Defendant's Motion to Abate or Stay is **GRANTED**.

2. The proceedings in this case shall be stayed until the litigation in the pending Massachusetts cases is resolved.

Please take notice that pursuant to Rule 1.490(h), the parties to this cause have ten (10) days from the date of service of this Recommended Order to serve exceptions to its contents. The party filing exceptions is required to send copies of the exceptions directly to the Judge assigned to this case, as well as to the undersigned Magistrate. The party filing exceptions will be required to provide the Court with a record sufficient to support their exceptions or the exceptions will be denied. A record ordinarily includes a written transcript of all relevant proceedings. The party filing the exceptions must have the transcript prepared for the court's review. If exceptions are timely filed, they shall be heard on reasonable notice by either party or the court. If no exceptions are filed within ten (10) days from the date of service, the Court shall take appropriate action on the report.

BY: _____
Deborah A. Bailey, Magistrate
Twelfth Judicial Circuit

ORIGINAL SIGNED

JUL - 6 2005

DEBORAH A. BAILEY
MAGISTRATE

4

cc:    Michael S. Taaffe, Esq.
      Joseph Tsombanidis, Esq.
      ABEL, BAND, RUSSELL, COLLIER
      PITCHFORD & GORDON
      P.O. Box 49948
      Sarasota, Florida 34230-6948

✓  Charles Sniffen, Esq.
     HARLLEE & BALD, P.A.
     202 Old Main Street
     Bradenton, Florida 34205

Sent to Clerk for filing on 7/6/05

Mailed to parties on 7/6/05