UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN A. HIRSCH AND RONALD W. ZOLLA, Individually and as officers, directors, and shareholders of ZHL, Inc. and ZHL, Inc.<br>    Plaintiffs,<br><br>v.<br><br>MICHAEL LAMENSDORF and KATHY LAMENSDORF, Individually and as shareholders of ZHL, INC.,<br>    Defendants. | Civil Action<br>No. 05-10902-DPW |

**MOTION TO SUBMIT ADDITIONAL MATERIAL
CONCERNING PLAINTIFFS' MOTION TO REMAND**
(Supplemental Materials Submitted Concurrently Herewith;
Memorandum Incorporated)

The plaintiffs have moved to remand this action to the state court for lack of subject matter jurisdiction. We contend that because the plaintiff ZHL, Inc. maintains a principal place of business in Sarasota, Florida that complete diversity does not exist. The defendants contend that ZHL's principal place of business is Massachusetts and that diversity does exist. The plaintiffs herewith move to supplement the record on this issue by submitting the Second Affidavit of John A. Hirsch concurrently herewith. In support of their motion to file Mr. Hirsch's Affidavit, the plaintiffs state:

1. Federal jurisdiction is presumed lacking until the proponent establishes otherwise, and all doubts are resolved in favor of remand. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); In re Mass. Diet Drug Litig., 388 F. Supp. 2d 198, 202 (D. Mass. 2004). To meet their burden, the defendants (collectively, "the Lamensdorfs") rely upon (i)

ZHL's filings with the Florida Secretary of State, in which it describes its principal place of business as Marblehead, Massachusetts; (ii) various state court pleadings in which ZHL also describes its principal place of business as Marblehead; and (iii) the unverified assertion that the ambulatory surgery center ("ASC") that ZHL owns in Sarasota is effectively out of business.

2. The first contention is misleadingly incomplete. As discussed in Mr. Hirsch's affidavit, ZHL's corporate office is in Marblehead, and matters relating to such formalities as the filing of corporate reports with various secretaries of state are in fact handled there. As ZHL's filings with the Massachusetts Secretary of State demonstrate, however, **ZHL has also averred in those same filings that it was "organized wholly" to do business outside Massachusetts**, and has specifically listed the address of the ASC in Sarasota as the location where it does business. See Hirsch Aff. at Exs. A and B.

3. There is also no disparity between ZHL's prior state court filings in which it acknowledged that its corporate office is in Marblehead. As Mr. Hirsch's affidavit establishes, those pleadings were not filed for the purpose of establishing or defeating diversity and listing the company's address as Marblehead was simply intended to inform the Court and counsel of the appropriate place to send legal notices and other such documents.[1] The test for diversity under § 1332 is a pragmatic one that

---

[1] The Lamensdorfs seem to be groping toward the assertion that ZHL is judicially estopped from contesting where its principal place of business lies, but it is unlikely that jurisdiction could be

2

    does not rest upon formalities. See Topp v. CompAir Inc., 814 F.2d 830, 835 (1st Cir. 1987).

4. Finally, Mr. Hirsch's affidavit addresses the question of whether ZHL has any ongoing operations in Sarasota. As Mr. Hirsch's affidavit makes clear, the ASC very much continues to have operational life, notwithstanding the defendants' false statements to the contrary.[2] Indeed, its prospective purchasers are willing to pay a premium above the fair market value of the land and buildings precisely because the ASC is a going concern that continues to be licensed by the state of Florida, and the activities that permit it to be licensed and performed in Florida.

5. Because of the nature of this motion, no separate memorandum of law is submitted.

WHEREFORE, the plaintiffs respectfully move this Honorable Court grant them leave to file the "Second Affidavit of John A. Hirsch In Support of Motion to Remand."

---

established by estoppel even if a predicate showing judicial estoppel can be made, as it cannot be since there is nothing inconsistent between the plaintiffs' prior averrals and their current position and they did not 'prevail' on their citizenship allegations in the state court action. See Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 31 (1st Cir. 2004).

[2] See, e.g., Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees, June 6, 2005, at 1 (asserting that ZHL "conducted no day-to-day activities in Florida" at time of removal); Defendants' Opposition to Plaintiffs' Motion to Remand, June 6, 2005, at 2 ("ZHL conducts no day-to-day operations in Florida" and "conducts no business other than to manage its sole asset from its office in Marblehead").

3

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | JOHN A. HIRSCH, RONALD W. ZOLLA, and ZHL, INC. |
|  | By their Attorneys, |
|  | /s/ Edward Foye |
|  | J. Owen Todd (BBO # 499480) |
|  | Edward Foye (BBO #562375) |
|  | TODD & WELD LLP |
|  | 28 State Street, 31st Floor |
|  | Boston, MA 02109 |
| Dated: July 11, 2005 | 617-720-2626 |

### RULE 7.1 CERTIFICATION

I, Edward Foye, certify that on July 8, 2005, I conferred with Ian McLoughlin. No agreement on this matter was reached.

/s/ Edward Foye
Edward Foye